## THE PEOPLE *v.* BERNSTEIN.

In criminal cases, newly discovered evidence is not ground for new trial. The
    statute names all the grounds for setting aside the verdict.

APPEAL from the Court of Sessions of San Francisco.

The facts appear in the opinion.·

Defendant appeals—the Court below having refused to set aside
the verdict and grant a new trial, on the ground of newly discov-
ered evidence.

*A. M. Heslep,* for Appellant.

*Thos. H. Williams, Attorney General,* for Respondent.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J.
concurring.

Conviction for burglary. There is nothing in the multitude of
points made by the appellant which requires notice, except the ques-
tion made on the refusal of the Court below to set aside the verdict
and grant a new trial upon the ground of newly discovered evidence.

In answer to this assignment, the Attorney General insists that
the Court has no power to grant a new trial on this ground; and
we are of the same opinion. The statute (Wood's Dig. 304, sec.
440) is as follows: " The Court in which a new trial is had upon
an issue of fact has power to grant a new trial where a verdict has
been rendered against the defendant upon his application in the·
following cases only : 1. When the trial has been in his absence, if·
the indictment be for felony. 2. When the jury has received any·
evidence out of Court other than that resulting from a view as pro--
vided in section three hundred and ninety. 3. When the jury has
separated without leave of the Court, after retiring to deliberate upon
their verdict, or been guilty of any misconduct tending to prevent
a fair and due consideration of the case. 4. When the verdict has
been decided by lot, or by any means other than a fair expression
of opinion on the part of all the jurors. 5. When the Court has
misdirected the jury in a matter of law. 6. When the verdict is.

contrary to law or evidence.    But no more than two new trials shall be granted for this cause alone."

It will be seen that the statute not only does not allow this as a ground for setting aside the verdict, but that it enumerates certain other grounds as those exclusively allowable to that end.    This was done designedly, and we have no power to supply the omission. The Legislature had full power to prescribe the cause and grounds of this application.    If, in any case, injustice be done in consequence of this omission, the resort is not to the Courts, but to the Executive.

Judgment affirmed.