[No. S029820. Dec. 16, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL DeSHAWN SMITH, Defendant and Appellant.

686

## COUNSEL

Verna R. Landis, under appointment by the Supreme Court, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson and Gregory W. Baugher, Assistant Attorneys General, Robert E. Venturi, Maureen A. Daly and George M. Hendrickson, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**ARABIAN, J.**—A defendant pleads guilty to felony charges pursuant to a plea bargain. Prior to sentencing, he seeks to withdraw the plea, and claims his court-appointed attorney provided ineffective assistance. Under what circumstances must the trial court substitute new counsel in place of the first attorney for future representation, including investigating and, if appropriate, presenting a claim that the first attorney was ineffective?

### I. FACTS

Defendant was charged by information with murder and other offenses. The information also alleged that defendant used a firearm in the commission of the murder (Pen. Code, § 12022.5, subd. (a)), that the murder was committed for the benefit of a street gang (Pen. Code, § 186.22, subd. (b)), and that defendant had suffered one prior serious felony conviction. (Pen. Code, § 667, subd. (a).) The charges arose out of the gang-related fatal shooting of Reginald Laird in Fresno in October 1990.

On the day set for jury trial, defendant, represented by appointed counsel, agreed to accept a plea offer, then changed his mind, then changed his mind again and accepted a new offer. He ultimately pleaded guilty to second degree murder, and admitted the firearm and street gang allegations. In return for the plea, the remaining charges and the prior conviction allegation were dismissed, and it was agreed defendant would receive no more than the mitigated term of three years for the firearm-use enhancement.

Prior to taking the plea, the court explained to defendant his constitutional rights. Defendant stated he understood and waived each one. At one point, defendant stated that "[i]t seems like I'm being forced" to plead guilty. After further discussion, and assurance by the court that it was solely his decision, he made clear that he was accepting the plea offer voluntarily. The court explained the consequences of the plea. After some questions and three conferences with his attorney, defendant stated that he understood the consequences, and pleaded guilty in accordance with the plea agreement.

Prior to sentencing, defendant, through his attorney, moved to withdraw the plea. The moving papers stated that defendant told the attorney "he did not realize, when he entered the plea to second degree murder, that he would have to do a hard fifteen before being paroled. Furthermore, [defendant] informs me that he did not understand that he was pleading to murder, because he felt that he was simply defending himself. [¶] [Defendant] feels that both the court and the counsel pressured him into pleading guilty. If

there is any doubt the court should grant a prejudgment motion to withdraw a guilty plea." In a declaration accompanying the motion, defense counsel denied pressuring defendant to plead guilty, stated that he informed defendant of the consequences of accepting or refusing the plea offer, and concluded that "[t]he decision to plead guilty was strictly that of [defendant]."

On the day set for sentencing, defendant filed a motion for substitution of counsel "due to inadequate representation of counsel," citing *People* v. *Marsden* (1970) 2 Cal.3d 118 [84 Cal.Rptr. 156, 465 P.2d 44]. Filed with the motion were five handwritten pages in which defendant stated that his attorney had "fail[ed] to confer with me concerning the preparation of the defense," had otherwise "failed to communicate with me," had "failed to perform or have performed investigation critical and necessary to the defense," had "fail[ed] to impeach prosecution witnesses," had failed to move to suppress evidence, and had "taken the role of a sorrogate [*sic*] prosecutor."

The court that took the plea heard the motion to substitute counsel outside the presence of the prosecutor. Defendant said he had nothing to add to his handwritten statement.

Defense counsel responded point by point to defendant's complaints. He described what he and the two defense investigators had done to prepare for trial. For example, he stated that "numerous witnesses were interviewed. At the time of trial I had issued twenty-one subpoenas for these witnesses." He admitted that he and defendant had argued on the day set for trial. Defendant had made accusations indicating "that he thinks I'm a dump truck,[1] and I got a little irritated at him because I worked pretty hard on this case." At the hearing, defendant accused counsel of using "foul language." Counsel responded that the "foul language came at the point in time when I got fed up with the accusations . . . ."

Counsel denied pressuring defendant to accept any plea offer. He stated that, as was his duty, he conveyed to defendant all offers the prosecution made, including the earlier offer that was less favorable than the one finally accepted. He also fully explained the consequences of either accepting any of the offers or going to trial. He concluded that "I told him I didn't think the offer to plead to second degree murder . . . was that bad of an offer, and it could get a lot worse if we went to trial. I'm also obligated, I feel, to do that type of thing based on my experience in what I know about the case and

---

[1]We understand "dump truck" to refer to a defense attorney who, in the view of the defendant, "is simply trying to dump him rather than afford him a vigorous defense." (See *People* v. *Huffman* (1977) 71 Cal.App.3d 63, 70, fn. 2 [139 Cal.Rptr. 264].)

what I know about the witnesses that have been subpoenaed and the witnesses that were present."

Defendant replied, "All I can just say, literally, he cussed me out because I didn't want to take the plea. I did not want to take it." The matter was then submitted.

The court denied the motion for substitution of counsel in a detailed oral ruling. It was "convinced that [defense counsel] was ready to go" to trial if the offer had not been accepted. It found that counsel's "belief in the Defendant's guilt which may have occurred here is not enough" to warrant new counsel (citing *People* v. *Williamson* (1985) 172 Cal.App.3d 737, 746 [218 Cal.Rptr. 550]); that the "recommendation that the Defendant accept a plea bargain where Counsel is ready for trial is not enough" (citing *People* v. *Terrill* (1979) 98 Cal.App.3d 291, 300 [159 Cal.Rptr. 360]); that defendant's "lack of confidence in Counsel, which apparently is present here, although it doesn't appear as though it is properly founded . . . in and of itself is not enough" (citing *People* v. *Bean* (1988) 46 Cal.3d 919, 947 [251 Cal.Rptr. 467, 760 P.2d 996]); and that "the fact that Defendant does not relate well to Counsel, and I think that's really the root of this, with regard to the discussions . . . where there was an argument, that's not enough" (citing *People* v. *Silva* (1988) 45 Cal.3d 604, 622 [247 Cal.Rptr. 573, 754 P.2d 1070]).

The court concluded, "I think that what has happened here is that there was an argument, and that argument did not have to do with the substance of the ability of [defense counsel] to properly represent you . . . . I think that you've heard the statement that is not rebutted concerning the number of witnesses that were subpoenaed and the issue of impeachment of these witnesses as you've indicated in your statement. That is something that you could not tell until trial, because that's the proper time to impeach a witness is when they get up on the stand and they start testifying . . . . [¶] Therefore, for all of these reasons and the cases cited . . . the Marsden motion is denied."

Thereafter, the court heard and denied defendant's motion to withdraw the plea, which was argued by counsel. Defendant was sentenced to state prison in this and an unrelated matter for a term consistent with the plea bargain.

The Court of Appeal found that the trial court did not abuse its discretion in denying the motion to withdraw the plea, but that it applied an incorrect test in denying the postconviction motion for substitute counsel. The court ordered the case remanded for the limited purpose of rehearing defendant's

motion for new counsel, "utilizing the appropriate standard of proof . . . ." It instructed that "[i]f the court finds [defendant] has not presented a 'colorable claim' of ineffective assistance of counsel, the court shall reinstate the judgment. Otherwise the court shall appoint substitute counsel to present and argue [defendant's] motion to withdraw plea. If the renewed motion to withdraw plea is denied, the court shall reinstate the judgment."

We granted the Attorney General's petition for review on the substitution of counsel issue.

## II. DISCUSSION

■ Criminal defendants are entitled to competent representation. If a defendant cannot afford to hire an attorney, one must be appointed for the defendant. (*Gideon* v. *Wainwright* (1963) 372 U.S. 335 [9 L.Ed.2d 799, 83 S.Ct. 792, 93 A.L.R.2d 733]; *People* v. *Crandell* (1988) 46 Cal.3d 833, 853 [251 Cal.Rptr. 227, 760 P.2d 423]; *People* v. *Marsden, supra,* 2 Cal.3d at p. 123 [*Marsden*].) The question here is: When is a defendant entitled to the substitution of new counsel after conviction for future representation, including arguing, if appropriate, that the previous attorney was ineffective? The question is complicated by the obvious conflicts defense attorneys have in defending themselves from claims of incompetence by the very clients they are supposed to represent, and in arguing that their clients are entitled to some sort of relief—such as a new trial or withdrawal of a guilty plea—because of their own ineffectiveness.

The seminal case regarding the appointment of substitute counsel is *Marsden, supra,* 2 Cal.3d 118, which gave birth to the term of art, a "*Marsden* motion." ■ We there held that "the decision whether to permit a defendant *to* discharge his appointed counsel and substitute another attorney during the trial is within the discretion of the trial court, and a defendant has no absolute right to more than one appointed attorney." (*Id.* at p. 123.)

We also established in *Marsden* that the trial court must give the defendant the opportunity to explain the reasons for desiring a new attorney. (*Marsden, supra,* 2 Cal.3d at pp. 123-125.) "[T]he trial court cannot thoughtfully exercise its discretion in this matter without listening to [the defendant's] reasons for requesting a change of attorneys." (*Id.* at p. 123.) Accordingly, "When a defendant moves for substitution of appointed counsel, the court must consider any specific examples of counsel's inadequate representation that the defendant wishes to enumerate. Thereafter, substitution is a matter of judicial discretion. Denial of the motion is not an abuse of discretion unless the defendant has shown that a failure to replace the appointed

attorney would 'substantially impair' the defendant's right to assistance of counsel. [Citations.]" (*People* v. *Webster* (1991) 54 Cal.3d 411, 435 [285 Cal.Rptr. 31, 814 P.2d 1273].)

*Marsden* and the early cases interpreting it arose in the context of a pretrial motion for substitute counsel. The first case applying *Marsden* posttrial was *People* v. *Stewart* (1985) 171 Cal.App.3d 388 [217 Cal.Rptr. 306] (*Stewart*). There, the defendant was convicted of escape from the county jail following a jury trial. The defendant moved for a new trial on the grounds of incompetence of counsel. Arguing that trial counsel could not argue his own incompetence, he sought appointment of a new attorney to present the motion. The trial court did not appoint new counsel and ultimately denied the new trial motion.

Applying *Marsden* to that procedural posture, the Court of Appeal "conclude[d] that in hearing a motion for new trial based on incompetence of trial counsel, the trial court must initially elicit and fully consider the defendant's reasons for believing he was ineffectively assisted at trial. In so doing, the court must make such inquiries of the defendant and trial counsel as in the circumstances appear pertinent. If the claim is based upon acts or omissions that occurred at trial or the effect of which may be evaluated by what occurred at trial the court may rule on the motion for new trial without substituting new counsel. If, on the other hand, the claim of incompetence relates to acts or omissions that did not occur at trial and cannot fairly be evaluated by what occurred at trial, then, unless for other good and sufficient reason the court thereupon grants a new trial, the court must determine whether to substitute new counsel to develop the claim of incompetence. New counsel must be appointed when the defendant presents a colorable claim that he was ineffectively represented at trial; that is, if he credibly establishes to the satisfaction of the court the possibility that trial counsel failed to perform with reasonable diligence and that, as a result, a determination more favorable to the defendant might have resulted in the absence of counsel's failings." (*Stewart*, *supra*, 171 Cal.App.3d at pp. 396-397; accord, *People* v. *Winbush* (1988) 205 Cal.App.3d 987, 989-990 [252 Cal.Rptr. 722]; *People* v. *Dennis* (1986) 177 Cal.App.3d 863, 871 [223 Cal.Rptr. 236].)

In *People* v. *Garcia* (1991) 227 Cal.App.3d 1369 [278 Cal.Rptr. 421], the court applied *Marsden* and *Stewart* to a case in which the defendant, like defendant here, sought to withdraw a guilty plea. "[W]here . . . a defendant seeks to withdraw a plea on the ground that his attorney of record has not provided adequate representation, we believe that the trial court should follow a procedure comparable to that specified in *People* v. *Stewart* (1985) 171 Cal.App.3d 388, 395-397 [217 Cal.Rptr. 306]." (*Garcia*, *supra*, at p. 1377.) The *Garcia* court perceived a difference between the pretrial *Marsden*

rule and the posttrial *Stewart* rule: "[T]he *Marsden* and *Stewart* inquiries do not stand on equal footing. In a *Marsden* inquiry, the trial court is required to order a substitution of attorney where the defendant makes 'a substantial showing that failure to order substitution is likely to result in constitutionally inadequate representation.' (*People* v. *Crandell* (1988) 46 Cal.3d 833, 859 [251 Cal.Rptr. 227, 760 P.2d 423].) As noted above, however, a defendant need *only* make a colorable claim to be entitled to relief under the standard mandated by *Stewart*. (*People* v. *Stewart*, *supra*, 171 Cal.App.3d at pp. 397-398.)" (*Id.* at p. 1378, italics added.)

The italicized word "only" in the previous quotation suggests that the defendant has a *reduced* burden to obtain appointment of substitute counsel posttrial (or, as in *Garcia* and here, post-guilty plea) than pretrial. The Court of Appeal here stated this explicitly: "A defendant seeking to attack his conviction in the trial court (by motion for new trial, or in the event of a guilty plea, by motion to withdraw that plea) on the basis that his attorney's ineffective assistance led to the conviction, is in a far different position than a defendant seeking appointment of new counsel *before* he has been convicted. If there was any deficiency in his attorney's performance, the defendant needs effective assistance in demonstrating that deficiency and its bearing on the conviction or plea. If the attorney was ineffective in the preconviction stage, counsel's ability to effectively pursue the postconviction motion is suspect. And, one can hardly expect the attorney whose performance is being directly challenged to assist the defendant in making the challenge. In such a case the attorney has an inherent conflict." (Italics in original.)

 "Because of the differences between preconviction and postconviction claims of ineffective assistance," the Court of Appeal held, "the *Stewart/ Garcia* line of authority employs a much reduced standard of proof from that used in preconviction *Marsden* motions." This holding necessarily implies that the trial court has less discretion to deny substitute counsel postconviction than preconviction. Herein lies the precise issue of this case.

The Attorney General does not deny that a defendant is entitled to appointment of substitute counsel upon a proper showing posttrial or postconviction as well as pretrial. We have ourselves so held: "When, after trial, a defendant asks the trial court to appoint new counsel to prepare and present a motion for new trial on the ground of ineffective assistance of counsel, the court must conduct a hearing to explore the reasons underlying the request. (*People* v. *Stewart* (1985) 171 Cal.App.3d 388, 395 [217 Cal.Rptr. 306]; see *People* v. *Marsden*, *supra*, 2 Cal.3d 118, 123.) If the claim of inadequacy relates to courtroom events that the trial court observed, the court will generally be able to resolve the new trial motion without appointing new

counsel for the defendant. (*People* v. *Stewart*, *supra*, 171 Cal.App.3d at p. 396.) If, on the other hand, the defendant's claim of inadequacy relates to matters that occurred outside the courtroom, and the defendant makes a 'colorable claim' of inadequacy of counsel, then the trial court may, in its discretion, appoint new counsel to assist the defendant in moving for a new trial. (*Ibid.*; see *People* v. *Marsden* (1970) 2 Cal.3d at p. 123 [84 Cal.Rptr. 156, 465 P.2d 44].)" (*People* v. *Diaz* (1992) 3 Cal.4th 495, 573-574 [11 Cal.Rptr.2d 353, 834 P.2d 1171].)

The disagreement between the Attorney General and defendant centers not on the ability of defendant to seek and obtain (upon a proper showing) substitute counsel at any stage of the proceeding in the trial court, but, more specifically, on whether there is a different and lesser standard postconviction than preconviction. Although the court in *Stewart*, *supra*, 171 Cal.App.3d 388, which applied *Marsden* to the postconviction stage, used slightly different language in describing the test (i.e., referring to a "colorable claim" and defendant showing the "possibility" of ineffective representation), it did not claim to be establishing a lesser standard than that stated in *Marsden*. We have not addressed the question.

In *People* v. *Fosselman* (1983) 33 Cal.3d 572 [189 Cal.Rptr. 855, 659 P.2d 1144], we held that ineffectiveness of counsel may be argued in a new trial motion. "[I]n appropriate circumstances justice will be expedited by avoiding appellate review, or habeas corpus proceedings, in favor of presenting the issue of counsel's effectiveness to the trial court as the basis of a motion for new trial. If the court is able to determine the effectiveness issue on such motion, it should do so." (*Id.* at pp. 582-583.) But by this holding we sought to expedite justice; we did not create a greater right to substitute counsel for a defendant already convicted than one awaiting trial. We did not suggest that a motion for new trial will always be the perfect vehicle to argue ineffectiveness of counsel, only that it is *available*. As stated in *Fosselman*, there are advantages to raising ineffective assistance in a new trial motion. There are also no doubt disadvantages which sometimes make the appellate or habeas corpus remedy more practical.

Defendant and the Court of Appeal stress the perceived differences between a preconviction and a postconviction request for substitute counsel. As explained more fully below, however, the differences between the two situations are more illusory than real. On balance, we see no reason to have two standards. When the court in *Stewart*, *supra*, 171 Cal.App.3d at pages 396-397, referred to the defendant making a "colorable claim," it did not state a lesser standard than in *Marsden*, or create a new and different right than that stated in *Marsden*; it merely applied the *Marsden* rule to a particular factual situation, and employed somewhat different language.

■■■ Therefore, contrary to the implication of *People* v. *Garcia, supra*, 227 Cal.App.3d at page 1378, and the holding of the Court of Appeal in this case, we conclude that the standard expressed in *Marsden* and its progeny applies equally preconviction and postconviction. Any suggestion that the use of different language in *Stewart, supra*, 171 Cal.App.3d 388, implies a different rule than that of *Marsden* is disapproved. A defendant has no greater right to substitute counsel at the later stage than the earlier.

It is true that when a defendant claims after trial or guilty plea that defense counsel was ineffective, and seeks substitute counsel to pursue the claim, the original attorney is placed in an awkward position. The attorney must defend against charges from the very client he or she is supposed to be representing. The potential for conflict is obvious. But the same potential for conflict exists before trial as well. And the conflict is unavoidable.

Unless we hold that a defendant may *never* obtain substitute trial counsel, and must instead await whatever appellate or habeas corpus remedy may be available, or that a defendant may obtain substitute counsel on demand— both of which extremes were rejected in *Marsden*—then it is inevitable that counsel will be placed in a conflict position when a defendant requests substitute counsel, whether the request is before or after conviction. The court must allow the defendant to express any specific complaints about the attorney and the attorney to respond accordingly. This is one of the reasons that *Marsden* motions are often, as here, heard outside the presence of the prosecutor, where counsel and client may speak more freely.[2]

Similarly, it is difficult for counsel to argue his or her own incompetence. However, the possibility that the defense might benefit from such an argument can arise at *any* stage of the proceedings. Critical defenses may be forfeited even before trial begins as a result of ineffective assistance. For example, before trial a defendant might seek new counsel, claiming that current counsel was ineffective in presenting a motion to dismiss the charges on speedy trial grounds, in arguing an *in limine* motion to suppress a confession, in failing to investigate properly, or because of any of a host of other grounds. If the claim has merit, the trial court might well grant defendant a remedy, such as allowing substitute counsel the opportunity to relitigate a motion that had been ineffectively presented, or granting a continuance for further investigation.

It is the very nature of a *Marsden* motion, at *whatever* stage it is made, that the trial court must determine whether counsel has been providing competent

---

[2]Although the *Marsden* motion may be heard outside the presence of the prosecutor, any actual motion to withdraw the plea or for a new trial must, of course, be part of a fully adversarial proceeding. (See *People* v. *Dennis, supra*, 177 Cal.App.3d 863.)

representation. Whenever the motion is made, the inquiry is forward-looking in the sense that counsel would be substituted in order to provide effective assistance in the *future*. But the decision must always be based on what has happened in the *past*. The further one is in the process, the more counsel has done in the past that can be challenged, but that is a difference of degree, not kind.

Appointment of counsel for the purpose of arguing that previous counsel was incompetent, without an adequate showing by defendant, can have undesirable consequences. In *People* v. *Makabali* (1993) 14 Cal.App.4th 847 [18 Cal.Rptr.2d 72], the trial court appointed second counsel to investigate a possible motion to withdraw a guilty plea on the basis of ineffective assistance of counsel. New counsel did not make the motion. On appeal, appointed appellate counsel, i.e., the *third* attorney, claimed (unsuccessfully) that the *second* was incompetent for not claiming the *first* was incompetent. The spectacle of a series of attorneys appointed at public expense whose sole job, or at least a major portion of whose job, is to claim the previous attorney was, or previous attorneys were, incompetent discredits the legal profession and judicial system, often with little benefit in protecting a defendant's legitimate interests.

We note also that in *People* v. *Makabali, supra*, 14 Cal.App.4th 847, the original attorney was apparently not relieved of further representation of the defendant. He represented the defendant at sentencing, after the second attorney did not move to withdraw the plea. (*Id.* at p. 850.) We are unaware of any authority supporting the appointment of simultaneous and independent, but potentially rival, attorneys to represent defendant. ▇ When a *Marsden* motion is granted, new counsel is substituted for all purposes in place of the original attorney, who is then relieved of further representation. If the *Marsden* motion is denied, at whatever stage of the proceeding, the defendant is not entitled to another attorney who would act in effect as a watchdog over the first.

▇ We stress, therefore, that the trial court should appoint substitute counsel when a proper showing has been made at any stage. A defendant is entitled to competent representation at all times, including presentation of a new trial motion or motion to withdraw a plea. For the reasons identified in *People* v. *Fosselman, supra*, 33 Cal.3d at pages 582-583, justice is expedited when the issue of counsel's effectiveness can be resolved promptly at the trial level. In those cases in which counsel *was* ineffective, this is best determined early. Thus, when a defendant satisfies the trial court that adequate grounds exist, substitute counsel should be appointed. Substitute counsel could then investigate a possible motion to withdraw the plea or a

motion for new trial based upon alleged ineffective assistance of counsel. Whether, after such appointment, any particular motion should actually be made will, of course, be determined by the new attorney.

We stress equally, however, that new counsel should not be appointed without a proper showing. A series of attorneys presenting groundless claims of incompetence at public expense, often causing delays to allow substitute counsel to become acquainted with the case, benefits no one. The court should deny a request for new counsel at any stage unless it is satisfied that the defendant has made the required showing. This lies within the exercise of the trial court's discretion, which will not be overturned on appeal absent a clear abuse of that discretion.

■ We thus hold that substitute counsel should be appointed when, and only when, necessary under the *Marsden* standard, that is whenever, in the exercise of its discretion, the court finds that the defendant has shown that a failure to replace the appointed attorney would substantially impair the right to assistance of counsel (*People* v. *Webster, supra,* 54 Cal.3d at p. 435), or, stated slightly differently, if the record shows that the first appointed attorney is not providing adequate representation or that the defendant and the attorney have become embroiled in such an irreconcilable conflict that ineffective representation is likely to result (*People* v. *Crandell, supra,* 46 Cal.3d at p. 854). This is true *whenever* the motion for substitute counsel is made. There is no shifting standard for the trial court to apply, depending upon when the motion is made. We disapprove any suggestion in *Stewart, supra,* 171 Cal.App.3d 388, and any interpretation of that decision such as that of *People* v. *Garcia, supra,* 227 Cal.App.3d at pages 1377-1378, that is contrary to the views expressed herein.

■ Applying the *Marsden* test to this case, we find no error in denying the motion for substitute counsel. The court fully allowed defendant to state his complaints, then carefully inquired into them. Defense counsel responded point by point. He correctly understood his duty in the plea negotiation process to present and evaluate all plea offers. (See *In re Alvernaz* (1992) 2 Cal.4th 924 [8 Cal.Rptr.2d 713, 830 P.2d 747].) To the extent there was a credibility question between defendant and counsel at the hearing, the court was "entitled to accept counsel's explanation." (*People* v. *Webster, supra,* 54 Cal.3d at p. 436.) Although clearly some heated words were spoken between client and attorney during the events preceding the guilty plea, that alone does not require a substitution of counsel absent an irreconcilable conflict. (*People* v. *Fierro* (1991) 1 Cal.4th 173, 205-206 [3 Cal.Rptr.2d 426, 821 P.2d 1302].) Moreover, a defendant may not force the substitution of counsel by his own conduct that manufactures a conflict.

(*People* v. *Hardy* (1992) 2 Cal.4th 86, 138 [5 Cal.Rptr.2d 796, 825 P.2d 781].) "Accordingly, we find no basis for concluding that the trial court either failed to conduct a proper *Marsden* inquiry or abused its discretion in declining to substitute counsel." (*People* v. *Fierro, supra*, at pp. 206-207.)[3]

## III. CONCLUSION

The judgment of the Court of Appeal is reversed.

Lucas, C. J., Mosk, J., Kennard, J., and George, J., concurred.

**BAXTER, J.,** Concurring.—The majority holds that the test by which a trial court should exercise its discretion to grant a defendant's motion, made pursuant to *People* v. *Marsden* (1970) 2 Cal.3d 118 [84 Cal.Rptr. 156, 465 P.2d 44], for appointment of substitute counsel includes two elements. The first looks back to determine if counsel has provided constitutionally adequate representation. If so, the motion should be denied. If not, the court must assess the manner in which counsel's representation falls short and appoint substitute counsel if it appears to the court that failure to do so will substantially impair the defendant's right to counsel in subsequent proceedings. That test applies to postconviction *Marsden* motions just as it does to motions made at earlier stages of the proceedings.

I agree with those conclusions and concur in the judgment. However, the majority does not answer, in the context of this case, the question it initially poses. It does not address the circumstances relevant to ruling on the postconviction *Marsden* motion of a defendant who has pleaded guilty and whose motion to withdraw the plea has been denied—the case in which it appears nothing remains but the imposition of judgment at a probation and sentence hearing. Instead, the majority addresses the concerns underlying the opinion of the Court of Appeal in *People* v. *Stewart* (1985) 171 Cal.App.3d 388 [217 Cal.Rptr. 306] (*Stewart*), where the motion was made by a defendant convicted after trial—a case in which a motion for new trial was available.

Moreover, the majority adopts the view endorsed by only three members of this court in *People* v. *Diaz* (1992) 3 Cal.4th 495, 573, 574 [11 Cal.Rptr.2d 353, 834 P.2d 1171]) (*Diaz*), where, quoting *Stewart, supra*, 171 Cal.App.3d 388, the plurality opinion stated that a motion for new trial may be based on a claim that counsel performed inadequately in matters that occurred outside the courtroom. I do not agree with that proposition.

---

[3]Defendant also argues that the trial court erred in denying his motion to withdraw the guilty plea. The Court of Appeal rejected the contention. We did not grant review on that issue, and therefore do not consider it. (Cal. Rules of Court, rule 28(e)(2).)

If, however, such a motion is permissible, this court should make it clear that the trial court has discretion to deny a new trial motion without consideration of the merits whenever the motion is based on a claim of incompetent counsel, the assertion of incompetence is based on matters outside the record, and the projected time for investigation, presentation, and consideration of the merits of the incompetent counsel claim will unreasonably delay conclusion of the trial proceedings. In such cases the defendant should be left to his or her remedy by habeas corpus.

The possibility that proceedings subsequent to a *Marsden* motion will include a motion for new trial predicated on an assertion of incompetent counsel necessarily affects the court's assessment of whether the challenged attorney can adequately represent the defendant in proceedings subsequent to the *Marsden* motion. If the only subsequent proceedings anticipated are ruling on a new trial motion made on statutory grounds, the factors to be considered by the trial court in assessing the need to appoint new counsel do not include the conflict of interest assessment that troubled the court in *Stewart, supra*, 171 Cal.App.3d 388. For that reason I first address the underlying question of the permissible scope of a new trial motion and the limited extension of the statutory grounds for such motions created by this court in *People* v. *Fosselman* (1983) 33 Cal.3d 572 [189 Cal.Rptr. 855, 659 P.2d 1144].

## A. Grounds for a Motion for New Trial.

In *Diaz, supra,* 3 Cal.4th 495, 574, the plurality stated that if a defendant's claim of inadequate counsel "relates to matters that occurred outside the courtroom, and the defendant makes a 'colorable claim' of inadequacy of counsel, then the trial court may, in its discretion, appoint new counsel to assist the defendant in moving for a new trial." The plurality thus assumed that a new trial motion may be predicated on trial counsel's incompetence in matters which did not occur at trial in the presence of the court.

Although I was one of the three justices who concurred in the lead opinion in *Diaz, supra,* 3 Cal.4th 495, in retrospect, I believe that the plurality erred in that respect. That aspect of the *Diaz* plurality opinion should not, by citation with apparent approval here, become fixed in the law.

The Legislature has, as is its right (*People* v. *Amer* (1907) 151 Cal. 303, 305 [90 P. 698]; *People* v. *Bernstein* (1861) 18 Cal. 699, 700), specified the grounds on which a superior court may grant a defendant's motion for a new trial in a criminal case. It has made those grounds exclusive. Penal Code section 1181 provides: "When a verdict has been rendered or a finding made

against the defendant, the court may, upon his application, grant a new trial, *in the following cases only*: . . ." (Italics added.) The statutory grounds do not include the court's view that the defendant has not received constitutionally adequate representation by his or her attorney.[1]

In *People* v. *Serrato* (1973) 9 Cal.3d 753, 760 [109 Cal.Rptr. 65, 512 P.2d 289], we confirmed, albeit in dictum, that "the power of a California trial court to hear and decide a motion for a new trial in a criminal case is strictly limited to the authority granted by Penal Code section 1181." In *People* v. *Fosselman*, *supra*, 33 Cal.3d 572, 583, footnote 1, however, we disapproved that dictum "to the extent that" it conflicted with a limited nonstatutory ground for the motion recognized in *Fosselman*. The justification and authority for our judicial recognition of that nonstatutory ground is crucial to both the factors to be considered in ruling on a postconviction *Marsden* motion, and the permissible scope of a new trial motion predicated on incompetence of trial counsel.

In *People* v. *Fosselman*, *supra*, 33 Cal.3d 572, we did not question the legislative limits on the trial court's authority to grant a motion for new trial except to the extent that it might be "read to limit the constitutional duty of trial courts to ensure that defendants be accorded due process of law." (*Id.*, at p. 582.) That duty, we held, included ensuring that *the trial is conducted* with respect for the defendant's essential rights, including the right to competent counsel.

We did not hold, however, that this duty extended beyond ensuring that the proceedings before the court were conducted competently. Rather, we

---

[1]The statutory bases for granting the motion are:

"1. When the trial has been had in [the defendant's] absence except in cases where the trial may lawfully proceed in his absence;

"2. When the jury has received any evidence out of court, other than that resulting from a view of the premises, or of personal property;

"3. When the jury has separated without leave of the court after retiring to deliberate upon their verdict, or [has] been guilty of any misconduct by which a fair and due consideration of the case has been prevented;

"4. When the verdict has been decided by lot, or by any means other than a fair expression of opinion on the part of all the jurors;

"5. When the court has misdirected the jury in a matter of law, or has erred in the decision of any question of law arising during the course of the trial, and when the district attorney or other counsel prosecuting the case has been guilty of prejudicial misconduct during the trial thereof before a jury;

"6. When the verdict or finding is contrary to law or evidence, but [the court may modify the verdict to a lesser degree of the crime];

"7. When the verdict or finding is contrary to law or evidence [of the crime of which the defendant was convicted, the court may modify the punishment];

"8. When new evidence is discovered material to the defendant, which he could not, with reasonable diligence, have discovered and produced at trial. . . ;

"9. [When a reporter's transcript cannot be prepared.]"

said: "It is undeniable that *trial judges are particularly well suited to observe courtroom performance* and to rule on the adequacy of counsel in criminal cases tried before them. [Citation.] *Thus, in appropriate circumstances justice will be expedited by* avoiding appellate review, or habeas corpus proceedings, in favor of *presenting the issue of counsel's effectiveness to the trial court as the basis of a motion for new trial. If the court is able to determine the effectiveness issue on such motion, it should do so.*" (*People* v. *Fosselman, supra,* 33 Cal.3d at pp. 582-583, italics added.) We held that in the context of a motion made on the basis of trial counsel's failure to make appropriate objections, a case in which the judge had called counsel into chambers during trial to inquire about his omission to object, and where the judge had expressed doubts after conviction about counsel's competence. The motion was based on matters observed by the court.

*Fosselman* does not support an assumption that it is permissible and appropriate for a court to grant a new trial motion predicated on acts or omissions of counsel which did not occur in the presence of the trial court. It did not hold that the court's responsibility to ensure " 'the trial is conducted' " (*People* v. *Fosselman, supra,* 33 Cal.3d 572, 582) with proper regard to the defendant's rights extends to making inquiry about matters that do not occur during the trial itself. Due process does not compel expanding the motion for new trial to the point where it becomes a substitute for habeas corpus.[2]

I recognize that in this case the majority's statement is dictum, since this defendant pleaded guilty. Therefore, substitute counsel could not have been appointed in anticipation that he or she would investigate and possibly make a new trial motion. (See Pen. Code, §§ 1179, 1181.) Nonetheless, the majority imply approval of the *Diaz-Stewart* assumption that substitute counsel may make a motion for new trial on the ground that former counsel performed inadequately in matters that occurred outside the court, and consider that possibility relevant to a trial court's exercise of discretion in ruling on a postconviction *Marsden* motion.

If read as an endorsement of that aspect of the holding in *Stewart, supra,* 171 Cal.App.3d 388, the majority not only invites, but permits, the superior court to act in excess of the jurisdiction granted it by the Legislature. The majority's suggestion that appointment of new counsel may be necessary

---

[2]Since a defendant is presumably aware of the out-of-court acts and omissions of counsel on which he bases his incompetence claim long before conviction, he should not be permitted to gamble on a favorable outcome at trial and postpone his *Marsden* claim until conviction. (See *People* v. *Mayorga* (1985) 171 Cal.App.3d 929, 941 [218 Cal.Rptr. 830] [defendant failed to show he could not have raised suppression of evidence issue earlier than motion for new trial].)

because a defendant's trial counsel may face a conflict of interest in arguing a new trial motion based on counsel's own incompetence in matters which were not observed by the court overlooks the limited scope of the nonstatutory ground approved by the court in *People* v. *Fosselman, supra*, 33 Cal.3d 572, and, as I discuss below, adds an irrelevant consideration to the ruling on a *Marsden* motion.

### B. *Discretionary Denial of Marsden and New Trial Motions.*

In *People* v. *Marsden, supra*, 2 Cal.3d 118, 123, we held that substitute counsel must be appointed if in future proceedings " 'the right to the assistance of counsel would be *substantially impaired* . . . in case the request is not granted . . . .' " (Italics added.) The majority agrees that this continues to be the test upon which the court's discretion to appoint substitute counsel is to be exercised. "Denial of the motion is not an abuse of discretion unless the defendant has shown that a failure to replace the appointed attorney would 'substantially impair' the defendant's right to assistance of counsel." (*People* v. *Webster* (1991) 54 Cal.3d 411, 435 [285 Cal.Rptr. 31, 814 P.2d 1273].)

Appointment of new trial counsel following conviction is rarely necessary. There are few subsequent proceedings. If there has been a guilty plea, there may be a motion to withdraw the plea, and there will be a probation and sentence hearing. If the conviction follows trial there may be a motion for new trial pursuant to Penal Code section 1181. If a *Marsden* motion is made, the trial court should appoint substitute counsel to represent a defendant in those proceedings if the court is satisfied by its observation of counsel's performance that counsel cannot (1) competently present a motion to withdraw the plea or a new trial motion *made on statutory grounds*, and/or (2) competently represent the defendant at the probation and sentence hearing.

### 1. *Competence of counsel in matters observed by the court.*

When counsel's courtroom performance is adequate, there is no reason to believe that he or she cannot or will not continue to perform adequately in making postconviction motions and in representing the defendant in probation and sentence proceedings. It is true that if a motion for new trial based on an inadequate performance should be made, a conflict exists. A conflict exists if an attorney's efforts on behalf of a client are threatened by his or her own interests. (*People* v. *Bonin* (1989) 47 Cal.3d 808, 835 [254 Cal.Rptr. 298, 765 P.2d 460].) A disqualifying conflict exists only if the quality of counsel's representation may be substantially diluted, however. (*People* v. *Hardy* (1992) 2 Cal.4th 86, 136 [5 Cal.Rptr.2d 796, 825 P.2d 781].)

That counsel made an error or omission during trial of such serious nature that ordering a new trial may be warranted is not in itself a basis for concluding that a disqualifying conflict of interest exists. As the majority recognize, the attorney may find himself or herself in an "awkward position," but that alone does not establish an actual disqualifying conflict. Conscientious trial attorneys who recognize that an error or omission on their part during trial is so serious as to afford an arguably meritorious basis for a motion for new trial will make that motion. When the error has occurred in the presence of the court it will be apparent on the record. Thus, even if counsel is unwilling to make the motion, the claim may be made on appeal. This affords an adequate remedy. (See, e.g., *People* v. *Belcher* (1974) 11 Cal.3d 91 [113 Cal.Rptr. 1, 520 P.2d 385]; *People* v. *Shells* (1971) 4 Cal.3d 626 [94 Cal.Rptr. 275, 483 P.2d 1227]; *People* v. *Ibarra* (1963) 60 Cal.2d 460 [34 Cal.Rptr. 863, 386 P.2d 487].)

Moreover, the trial court judge who has observed counsel's performance during the trial is quite capable of assessing whether counsel has performed competently in carrying out the duties of an attorney defending an accused, i.e., by making and arguing appropriate motions and objections, marshalling and presenting evidence, examining and cross-examining witnesses, preparing and delivering opening statements and closing arguments, proposing instructions, etc. Therefore, unless the court concludes that counsel's performance in these areas is so deficient that it is unlikely that counsel can adequately represent the defendant in making a statutory motion for new trial and/or at the probation and sentence hearing, it is not necessary to appoint new counsel to ensure that the defendant will receive adequate representation in postconviction proceedings.

Neither due process nor the right to competent counsel mandates that substitute counsel be appointed in these circumstances on the chance that trial counsel may fail to urge his or her own error or omission as a basis for granting a new trial. The possibility that counsel will be unwilling or unable to competently assess or present a motion for new trial based on his or her own trial error is not so immediate as to require substitution of counsel. The court is competent to assess a claim of this nature when presented by the defendant in a *Marsden* motion, and is equally competent to do so when the claim is made in support of a motion for new trial. (*People* v. *Fosselman*, *supra*, 33 Cal.3d 572, 582.) The skills and advocacy of substitute counsel are not necessary to the adequate presentation and consideration of the claim.

Even if, on inquiry by the court trial counsel advises that no motion for new trial will be made or, if one is to be made, it will not be based on counsel's own asserted incompetence, substitute counsel need not be appointed on that basis alone to represent the defendant for the remaining

proceedings. The interest of the court in avoiding the necessity of a suspension of the proceedings while substitute counsel familiarizes himself or herself with the record in order to assess former counsel's performance and prepare a motion for new trial clearly outweighs the defendant's interest in being afforded substitute counsel at that stage of the proceedings when the defendant has remedies other than the motion for new trial by which to obtain relief.

We have long recognized that a defendant is not entitled to a perfect trial or to counsel whose performance is errorless. If the trial court believes that counsel has performed competently during the trial, the court may presume that counsel will continue to do so in postconviction proceedings. Permitting counsel to continue to represent the defendant, even if counsel declines to assert his or her own incompetence in a new trial motion, does not abrogate the defendant's right to competent counsel, since both appeal and habeas corpus are available to the defendant. Neither the right to counsel nor due process mandate that an additional remedy be made available at this stage of the proceedings.

Finally, when a *Marsden* motion is based on trial counsel's conduct of proceedings before the court, the court necessarily considers the same facts and conduct that would form the basis for a new trial motion based on incompetent counsel, if that motion is limited to in-court matters. There is no need, therefore, to appoint new counsel for the purpose of making the new trial motion in these cases. If the court concludes that counsel was incompetent, a new trial may be ordered without the redundancy of appointing new counsel to move for new trial on the basis of matters already considered by the court.

2. *Incompetence in matters not observed by the court.*

As I have explained, I do not accept the majority assumption that in ruling on a postconviction *Marsden* motion a trial court should consider the potential conflict of interest inherent in presentation by that attorney of a new trial motion based on his own or her incompetence in matters not observed by the court. If such motions are to be allowed, however, this court should make it clear that the trial court has discretion to deny a postconviction *Marsden* motion which seeks new counsel on that basis, and the new trial motion itself, if the court concludes that the administration of justice would be better served if the defendant is left to his remedy by habeas corpus.

Unless this court does so, a trial judge who believes that the defendant's claim of incompetent counsel has potential merit and that present counsel

may not adequately present a new trial motion must appoint new counsel to make the motion. The court must then: (1) continue the proceedings to permit new counsel to investigate and prepare the motion; (2) hear the motion and all evidence in support of it; (3) grant the People time to discover and offer rebuttal evidence; and (4) then rule on the merits of the motion.

This follows because, unless a procedural bar is present, a trial court is expected to rule on the merits of any motion presented by a party. Unless qualified by this court, that will be true with respect to a new trial motion predicated on incompetence of trial counsel regardless of whether the conduct which underlies the motion occurred in the presence of the court. These new trial motions may unnecessarily delay imposition of judgment and impose substantial burdens on the administration of justice. Moreover, when a new trial motion based on incompetent counsel is substituted for habeas corpus, the People may be called upon to defend claims of ineffective counsel which would never reach the hearing stage had habeas corpus procedures been followed.

When conviction follows a plea of guilty, as in this case, a *Marsden* motion may seek new counsel to assist the defendant in moving to withdraw the plea. In such cases, there is no lengthy record to review. Even in these cases, however, granting a *Marsden* motion and appointing new counsel to represent the defendant on a motion to withdraw the plea on grounds that trial counsel was incompetent with respect to matters that occurred outside the presence of the court is not necessarily preferable to habeas corpus.[3] And, when a postconviction *Marsden* motion is made after a lengthy trial and conviction by a jury, the undesirable consequences of resolving the claim on motion for new trial may be manifest to the trial court.

In either case the *Marsden* motion is heard out of the presence of the prosecutor, who therefore has no knowledge of the factual basis for the claim of incompetent counsel. The prosecutor has had no opportunity to oppose the claim. Thus, substitute counsel may be appointed in cases in which a petition for writ of habeas corpus would have been summarily denied had the prosecutor been afforded the opportunity to submit an opposition to the petition.

When substitute counsel is appointed to represent the defendant in making a motion to withdraw the plea based on a claim of incompetent counsel or for a motion for new trial and the probation and sentence hearing, the People

---

[3]It would, of course, give the defendant an advantage he would not have were he to seek relief by petition for writ of habeas corpus. He would have counsel to investigate and present the motion.

have no notice of the factual basis for the substitution of counsel. The newly appointed attorney is given a license to investigate not only the manner in which former counsel actually performed in court, but also the entire case to determine if a basis exists on which to move to withdraw the plea or for a new trial on the ground that former counsel was incompetent.

Proceedings are suspended while counsel does so, and, in a capital case or one in which an insanity plea has been made, the jury is not discharged, but is in recess while substitute counsel reviews the record of the proceedings. Counsel may do so immediately if a reporter's transcript is available, but may have to wait until the reporter prepares the transcript. (See, e.g., *People* v. *Westbrook* (1976) 57 Cal.App.3d 260 [129 Cal.Rptr. 143].) Counsel must also look into whether former counsel prepared adequately, conducted adequate investigation to discover witnesses and other evidence, and did the myriad of things necessary to a competent defense.

Having done so, and this may take as short a time as a week or two, but in a complex case might take many weeks, if substitute counsel believes that a meritorious argument can be made that prior counsel did not provide constitutionally adequate assistance, he or she will make a motion to withdraw the plea or for new trial on that ground. That motion must be heard on the merits, and counsel must be permitted to offer such evidence as has been discovered in support of the motion. If the motion is made after a trial, establishing that a new trial should be granted requires that substitute counsel demonstrate that the defendant was prejudiced by counsel's errors or omissions. Doing so, as this court is aware, may involve proceedings almost as protracted as the trial itself.[4] But, unlike a hearing on a habeas corpus petition, all of this must occur in a setting in which the People have had no opportunity to rebut the prima facie showing of incompetence the defendant presumably made at the *Marsden* hearing.

Furthermore, while a new trial motion should be made in writing specifying the grounds (see 6 Witkin & Epstein, Cal. Criminal Law (2d ed. 1989) § 3073, p. 3798), there is no statutory requirement to that effect, and the motion need only identify the particular ground or grounds on which it is based. There is no requirement that the motion allege the specific facts on which the defendant relies in support of his incompetent counsel claim. The

---

[4]Penal Code section 1191 mandates that judgment be pronounced within 20 judicial days following a verdict or finding of guilt, and permits an extension of that time for only 10 days if a motion for new trial must be heard. However, since the court held in *People* v. *Fossleman*, *supra*, 33 Cal.3d 572, that due process mandates that an incompetent counsel claim be considered on motion for new trial, it would seem to follow that due process also mandates that these time limits be extended, or waiver by the defendant allowed, if additional time is necessary for adequate presentation of the claim.

hearing itself may be the first notice to the People of the actual basis for the claim that trial counsel performed incompetently. At that point the People may need further time to prepare to meet the defendant's assertions. (See *People* v. *Dennis* (1986) 177 Cal.App.3d 863, 873 [223 Cal.Rptr. 236].) At the hearing, the disputed issues will not have been identified as they would be had there been the procedural protections of a habeas corpus proceeding.[5]

The hearing on the motion to withdraw the plea or for a new trial may thus be protracted. Addressing the incompetent counsel claim on motion for new trial in these cases will not necessarily further the administration of justice.

Since these nonstatutory proceedings are not mandated by due process, and habeas corpus is available to any defendant who claims denial of the constitutional right to competent counsel, this court should make it clear to trial judges that they have discretion to deny *Marsden* motions and motions for new trial predicated on claims of incompetent counsel in matters that did not occur in the presence of the court. A judge who concludes that habeas corpus is an adequate remedy and that the administration of justice would be better served if the defendant is relegated to that remedy has discretion to deny both motions without regard to the potential merit of the claim of incompetent counsel.

Panelli, J., concurred.

Respondent's petition for a rehearing was denied Feburary 3, 1994, and the opinion was modified to read as printed above.

---

[5]In habeas corpus the petitioner must make his factual claims in a verified pleading, the People are called on to respond only after an order to show cause issues, and once the People file a response, a traverse must be filed by the petitioner. In that manner the disputed factual issues are identified and the People are made aware of the evidence they must be prepared to meet and refute if an evidentiary hearing is necessary. (See *In re Saunders* (1970) 2 Cal.3d 1033, 1047-1048 [88 Cal.Rptr. 633, 472 P.2d 921].)