Filed 12/23/20  P. v. Stovall CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ALTON STOVALL,<br><br>    Defendant and Appellant. | D075786<br><br><br>(Super. Ct. No. SCE387537) |

APPEAL from a judgment of the Superior Court of San Diego County, Robert O. Amador; Daniel G. Lamborn, Judges.  Affirmed.

Cherise Bacalski, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Scott Taylor, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Alton Stovall pleaded guilty to one count of possession of methamphetamine for sale, in return for a stipulated sentence of four years. He had second thoughts about his plea before sentencing.  He complained

about his appointed deputy public defender in a *Marsden*[1] hearing. The court found that defense counsel represented defendant competently. The court also purported to appoint an alternate public defender for the limited purpose of reviewing defendant's request to withdraw his plea. The order appointing an alternate public defender as conflict counsel was not authorized, as explained *post*, and never took effect.

At a second hearing before a different judge, defendant repeated the same complaints he had made at the first hearing, basically asking for substitute counsel and to withdraw his plea. The judge denied defendant's request. Defendant appeals. We affirm the judgment.

BACKGROUND

*Facts*[2]

Defendant was detained on January 15, 2019,[3] while police were investigating a family dispute. Police found live ammunition in his pocket and in his duffel bag. "A tennis ball size" of suspected crystal methamphetamine was also found in his duffel bag. The substance was estimated to be about four ounces. It was not field-tested or weighed due to safety concerns.

*Admission of Guilt*

Defendant agreed to a plea bargain eight days after his arrest. As noted, he pleaded guilty to one count of possession of a controlled substance for sale (Health & Saf. Code, § 11378) and admitted one prior strike

---

[1]    *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

[2]    The facts are taken from the stipulated sentence report.

[3]    Further dates are in 2019 unless otherwise stated.

2

conviction (Pen. Code,[4] §§ 667, subds. (b)-(i) & 1170.12). The prosecutor dismissed a second count for unlawful possession of ammunition (§ 30305, subd. (a)(1)), and additional allegations of prior prison convictions (§ 667.5, subd. (b)); and agreed to a stipulated sentence of four years in prison.

*First* Marsden *Hearing*

When defendant appeared for sentencing on March 27, he asked for a *Marsden* hearing. Judge Lamborn conducted the closed hearing. At the hearing, defense counsel explained that defendant wanted to withdraw his plea, but that she saw no basis for withdrawal. Defendant complained that counsel had not communicated with him sufficiently and had not told him about discrepancies in the police report. Counsel explained that the police report stated that defendant was in possession of a four-ounce package of methamphetamine, which the officers had not field-tested or weighed.

Defendant also stated that he had been brutally beaten by deputy sheriffs when first incarcerated, before he was placed in isolation. Defense counsel replied this was the first she had heard of these allegations, and she along with the court advised defendant to pursue these claims with a civil attorney and/or through administrative procedures.

The court found defense counsel had represented defendant competently. It also found that the communication between defense counsel and defendant had not broken down, and that defense counsel was "pointed and direct with her clients," adding: "She [i.e. defense counsel] gives it to them straight, doesn't sugarcoat things, but in the same token she's got a lot of experience and the Court and the DAs respect her opinions here." The court explained that field tests on substances were rare because of the danger posed by fentanyl, which can be toxic to the touch. The court denied the

---

[4]     Further code sections are to the Penal Code unless otherwise specified.

*Marsden* motion for substitute counsel.  The court did *not* relieve the deputy public defender from representing defendant.

However, the judge purported to grant defendant's request for appointment of an alternate public defender for the limited purpose of exploring a motion to withdraw defendant's guilty plea.  The matter was set over for a status conference on April 18.  An alternate public defender did not then, or ever, appear on behalf of defendant.  Defense counsel represented defendant at the unreported April 18 status conference.  The case was continued to April 22 for sentencing.

*Second* Marsden *Hearing*

On the day set for sentencing, defendant asked for a second *Marsden* hearing.  Judge Amador presided at this hearing.  Defendant repeated his same complaints:  that he was unsatisfied with his plea deal because the substance found had not been weighed or tested; that defense counsel had not properly represented him; and that he previously had been assaulted by sheriff deputies and put in isolation.  In response to a request from Judge Amador to summarize her legal experience, defense counsel explained in more detail her 32 years of experience, her practice in general and in this case, her negotiations with the prosecutor.  In response to defendant's description of being beaten by prison guards, defense counsel stated that she saw no evidence that defendant was not capable of understanding, communicating, or assessing his position at the time he entered his plea.  The judge, who had taken defendant's guilty plea in January, also said there was nothing at the time of the plea to cause concern about defendant's entry of plea.

Defense counsel also stated that she apprised defendant of the facts in the police report and asked him if he had any thoughts about the case.  She

4

noted that defendant never claimed the substance was *not* a controlled substance, and that she would have proceeded to a preliminary hearing if defendant had claimed the substance was not methamphetamine. Defense counsel told the court that she explained to defendant the possible dangers of field testing a controlled substance such as fentanyl. Counsel told the judge, albeit incorrectly, that the first judge had denied defendant's motion to withdraw his guilty plea, when in fact no such motion had been made.

During the second *Marsden* hearing, defendant stated that the judge at the first hearing had given him the option of having separate counsel file a motion for a *Marsden* hearing. The judge responded that an alternate public defender was appointed "for the purpose of determining whether or not you would be able to withdraw the plea. That is standard practice for withdrawing a plea . . . . [¶] That purpose was done when the motion to withdraw is over, your public defender takes back over." The court's statement was incorrect because as noted *ante,* a motion to withdraw the plea was never filed or heard. In denying the *Marsden* motion, the second judge concluded that defense counsel had competently represented defendant and that defendant's right to counsel was not substantially impaired.

DISCUSSION

Defendant contends that, at the first *Marsden* hearing, the judge's appointment of an alternate public defender as conflict counsel should have been for all purposes. Based on that premise, defendant further contends that the second judge exceeded his authority in denying defendant's second *Marsden* motion because substitute counsel had already been duly appointed. Defendant's premise is incorrect, however, because the first judge had no authority to appoint conflict counsel.

5

*Legal Principles*

A defendant who doubts the competency of appointed counsel may seek relief from that attorney's representation and the appointment of substitute counsel. The trial court is obligated to hold a hearing and allow the defendant to explain the basis of his or her request for substitution of counsel. (*Marsden*, *supra*, 2 Cal.3d at pp. 123–124; *People v. Streeter* (2012) 54 Cal.4th 205, 230 (*Streeter*).) " ' "A defendant is entitled to relief if the record clearly shows that the appointed counsel is not providing adequate representation or that defendant and counsel have become embroiled in such an irreconcilable conflict that ineffective representation is likely to result." ' [Citation.] 'A trial court should grant a defendant's *Marsden* motion only when the defendant has made "a substantial showing that failure to order substitution is likely to result in constitutionally inadequate representation." ' [Citation.]" (*Streeter*, at p. 230.)

However, the "mere ' "lack of trust in, or inability to get along with," ' counsel is not sufficient grounds for substitution." (*People v. Taylor* (2010) 48 Cal.4th 574, 600.) Disagreement about tactics, or desire for a different outcome, is not a basis for substitution of counsel. (*People v. Rodriguez* (2014) 58 Cal.4th 587, 624; *People v. Smith* (1993) 6 Cal.4th 684, 695 (*Smith*).) The trial court may accept counsel's statements over the defendant's statements when there is an issue of credibility between them. (*People v. Rices* (2017) 4 Cal.5th 49, 69.)

A court must make a finding that the defendant's right to counsel was substantially impaired before appointing substitute counsel. (*People v. Sanchez* (2011) 53 Cal.4th 80, 90 (*Sanchez*); *Smith*, *supra*, 6 Cal.4th at p. 695.) Key to the instant case, a court cannot appoint alternate counsel for the limited purpose of reviewing whether to file a motion to withdraw a plea

6

if the defendant's counsel is competent.  (*Sanchez*, at p. 90.)  "[S]ubstitute counsel should be appointed when, and only when, necessary under the *Marsden* standard, that is whenever, in the exercise of its discretion, the court finds that the defendant has shown that a failure to replace the appointed attorney would substantially impair the right to assistance of counsel [citation], or, stated slightly differently, if the record shows that the first appointed attorney is not providing adequate representation or that the defendant and the attorney have become embroiled in such an irreconcilable conflict that ineffective representation is likely to result."  (*Smith*, at p. 696.)  There is "*no 'authority* supporting the appointment of simultaneous and independent, but potentially rival, attorneys to represent a defendant.' "  (*Sanchez*, at p. 88, italics added, quoting *Smith*, at p. 695.)  "[A] defendant has no absolute right to more than one appointed attorney."  (*Marsden*, *supra*, 2 Cal.3d at p. 123; *Sanchez*, at p. 87.)

" 'We review the denial of a *Marsden* motion for abuse of discretion.' [Citation.]  'Denial is not an abuse of discretion "unless the defendant has shown that a failure to replace counsel would substantially impair the defendant's right to assistance of counsel." ' [Citation.]"  (*Streeter*, *supra*, 54 Cal.4th at p. 230.)

*Analysis*

In denying defendant relief, the judge at the first *Marsden* hearing found that defense counsel had represented defendant competently; that there was no basis for substitution of counsel; and that communication between defense counsel and defendant had not broken down, as defense counsel had obtained a beneficial plea bargain for defendant.  We conclude the court did not abuse its discretion in finding defense counsel was

7

competent and, therefore, in denying defendant's *Marsden* motion. (*Streeter*, *supra*, 54 Cal.4th at p. 230.)

Defendant suggests that the first judge's refusal to relieve defense counsel was erroneous because counsel's representation had waned and communication had broken down with respect to defendant's desire to withdraw his plea. The record shows the court made no such findings; that the deputy public defender had considered defendant's request to withdraw and found no basis for it; and that counsel acted competently in concluding that a motion to withdraw the plea was not warranted. (See § 1018 [good cause required for motion to withdraw plea].)

Moreover, counsel advised defendant of the facts in the police report and asked for his thoughts. Defendant, the only one who knew for sure what he possessed, agreed to plead guilty to the drug charge. Defendant never asserted that the substance he possessed was anything other than methamphetamine. He said it "*could be* salt, it *could be* dirt," but never disavowed that it actually was methamphetamine. Defendant chose to plead guilty, and, to the extent counsel recommended that course of action and defendant later changed his mind, disagreement over filing a motion to withdraw a plea is not a basis for relieving counsel. (*Smith*, *supra*, 6 Cal.4th at p. 696.)

Defendant contends that the judge at the first hearing either appointed, or "effectively" appointed, the alternate public defender as substitute counsel, but that the court erred by not appointing the alternate public defender for all purposes. Defendant's argument is based on one portion of *Sanchez*, i.e., that substitute counsel cannot be appointed for a limited purpose but must be appointed for all purposes. (See *Sanchez, supra*, 53 Cal.4th at p. 90.)

However, what the *Sanchez* court said in full was: *"[I]f the defendant* makes a showing during a *Marsden* hearing that his right to counsel has been ' " 'substantially impaired' " ' [citation], substitute counsel must be appointed as attorney of record for all purposes. [Citation.] In so holding, *we specifically disapprove* of the procedure adopted by the trial court in this case, namely, the appointment of a substitute or 'conflict' attorney solely to evaluate whether a criminal defendant has a legal ground on which to move to withdraw the plea on the basis of the current counsel's incompetence." (*Sanchez*, *supra*, 53 Cal.4th at p. 90, italics added.) The predicate for appointment of the alternate public defender for all purposes—a finding that the original counsel was not competently representing the defendant—did not occur here.

*Sanchez* is similar to this case in that the defendant in *Sanchez* pleaded guilty, then changed his mind before sentencing and wanted to withdraw his plea. (*Sanchez*, *supra*, 53 Cal.4th at pp. 84–85.) Without relieving the public defender, the trial court appointed "conflict" counsel to decide whether to move for withdrawal of plea. Conflict counsel appeared, said he had reviewed the plea, and found no basis for its withdrawal. (*Id.* at p. 85.) The original defense attorney represented the defendant at sentencing. (*Id.* at pp. 85–86.) The *Sanchez* court ruled that the trial court had improperly appointed conflict counsel because there was insufficient evidence of impairment of the defendant's right to counsel; that only if the defendant's right to counsel is substantially impaired can a court appoint substitute counsel; and that if the court appoints substitute counsel because the first attorney's representation is deficient, then the court must appoint substitute counsel for all purposes. (*Id.* at p. 92.) Having found defense counsel competent here, the judge at the first hearing had no authority to appoint an alternate public defender as

conflict counsel. (*Sanchez, supra,* 53 Cal.4th at pp. 87–88, 90; *Smith, supra,* 6 Cal.4th at p. 695; *Marsden, supra,* 2 Cal.3d at p. 123.)

Based on his erroneous contention that an alternate public defender was appointed for all purposes at the first *Marsden* hearing, defendant separately contends that the second judge erred in "overrul[ing]" the prior order appointing an alternate public defender as conflict counsel. A second superior court judge generally may not overrule a prior order by a different judge. (*In re Alberto* (2002) 102 Cal.App.4th 421, 426–427 (*Alberto*).) An exception to this rule applies, however, when the first ruling is the result of inadvertence, mistake or fraud. (*Id.* at pp. 430–431.) Because, as we have noted, the first judge had no authority to appoint an alternate public defender, as matter of law the second judge did not "overrule" the prior unauthorized order. (*Sanchez, supra,* 53 Cal.4th at p. 88 [stating there is "*no 'authority* supporting the appointment of simultaneous and independent, but potentially rival, attorneys to represent a defendant' " (italics added); *Smith, supra,* 6 Cal.4th at p. 695.) Appointment of the alternate public defender never occurred.

Defendant points out that at the second hearing, both defense counsel and the judge were mistaken in stating that a motion to withdraw the plea had been denied at the first hearing. No motion to withdraw the plea was ever made. In any event, even if the second judge knew there was no hearing on a motion to withdraw, he would not have been authorized to appoint the alternate public defender to consider such a motion. (*Sanchez, supra,* 53 Cal.4th at p. 90.)

Defendant claims that he "effectively remained unrepresented by counsel in his efforts to . . . fil[e] a motion to withdraw his guilty plea." The court found otherwise, noting defendant was represented competently by the

deputy public defender with respect to his request to withdraw the plea. The record supports this finding. The deputy public defender reviewed defendant's request to withdraw his plea and found no basis for such a motion. Both judges commented that police rarely field test controlled substances, implicitly finding the lack of testing and weighing was not sufficient by itself to merit a withdrawal of plea. And defendant never stated the substance was something other than methamphetamine.

Defense counsel's decision not to move to withdraw the plea was well within "an objective standard of reasonableness [¶] . . . under prevailing professional norms." (*Strickland v. Washington* (1984) 466 U.S. 668, 685-686.) Defendant has not and cannot show any good cause for removal of appointed counsel. Neither judge erred in denying defendant's motions for substitute counsel.

## DISPOSITION

The judgment is affirmed.

BENKE, J.

WE CONCUR:


McCONNELL, P. J.


HUFFMAN, J.

11