Filed 7/11/13  P. v. Thomas CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　　　v.<br><br>ROBERT RUFUS THOMAS,<br><br>　　Defendant and Appellant. | H038282<br>(Monterey County<br>Super. Ct. No. SS112254) |

Defendant Robert Rufus Thomas appeals from a conviction of attempted voluntary manslaughter and assault with a deadly weapon.  Defendant contends that he informed the trial court that he desired substitution of counsel, and that the trial court therefore erred in failing to conduct a hearing pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).  We conclude that a *Marsden* hearing was not required, and we accordingly will affirm the judgment.

**PROCEDURAL BACKGROUND**[1]

An information charged defendant with attempted willful, deliberate, and premeditated murder (Pen. Code, §§ 664/187, subd. (a)).  The information alleged that defendant had personally used a deadly or dangerous weapon (Pen. Code, § 12022, subd. (b)) and had served two prior prison terms (Pen. Code, § 667.5, subd. (b)).

---

[1]  The facts of the case are not relevant to the issue presented on appeal.

Following the close of evidence at defendant's jury trial, the prosecutor amended the information to add a charge of assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)) and a great bodily injury allegation (Pen. Code, § 12022.7).

The jury acquitted defendant of attempted murder, but it convicted him of the lesser-included offense of attempted voluntary manslaughter (Pen. Code, §§ 664/192, subd. (a)). The jury convicted defendant of assault with a deadly weapon, and it found true the allegations that defendant personally used a deadly or dangerous weapon, personally inflicted great bodily injury, and had served two prior prison terms.

The trial court sentenced defendant to nine years in prison. Following the sentencing hearing, defendant filed a timely notice of appeal.

**DISCUSSION**

Defendant argues that, because his postverdict "statements to the trial court expressed his clear dissatisfaction with trial counsel and clearly indicated he wanted substitute counsel," the trial court erred in failing to hold a *Marsden* hearing. Defendant thus urges us to remand the case to the trial court for a *Mardsen* hearing.

We conclude that there was no clear indication that defendant wanted a substitute attorney, and that the trial court therefore was not required to hold a *Marsden* hearing.

***Background***

After the jury returned the verdicts, the following colloquy occurred:

"THE COURT: April 4th, 2012, 8:45 in the morning, for sentencing. [¶] We'll see you back on that date and at that time.

"DEFENDANT THOMAS: I just want to say I believe this was a set up. I believe everything was just, um, coached. I believe that, uh, that, um, the decision making was more enforced by leading and pleading than the righteous choice. [¶] And I believe that, uh, you know, I was treated unfairly in that way. And also, uh, manipulated and told one thing and other things happened. And—

2

"THE COURT: Mr. Thomas, I want to say this for the record. Your attorney has done an absolute fabulous job in representing you. You were looking at a life crime, and she worked with the evidence she had and did a rather amazing thing which is get you out of that life crime. [¶] It could have been—the jury could have viewed the evidence, with the number of stab wounds to the back of the victim as well as the other evidence, as being attempted premeditated murder. [¶] So for you to feel that you have been railroaded is your own personal feeling. I can't—feelings aren't wrong, so you can have that feeling. [¶] But I can assure you, your attorney has done an incredible job, and these attorneys have behaved professionally and ethically and have both zealously represented their respective clients and their respective interests. [¶] I don't say that often let me assure you. You should be thanking your attorney about this moment. [¶] I'll see you at sentencing.

"DEFENDANT THOMAS: I am. I'm just saying that I believe she was pushed around. That's all I'm saying. I just believe she was pushed around.

"THE COURT: Court's in recess."

### A Marsden Hearing Was Not Required

"The seminal case regarding the appointment of substitute counsel is *Marsden, supra,* 2 Cal.3d 118, which gave birth to the term of art, a '*Marsden* motion.' " (*People v. Smith* (1993) 6 Cal.4th 684, 690.) *Marsden* held that a defendant has a right to substitute counsel on a proper showing that the constitutional right to counsel would otherwise be substantially impaired. (*Marsden, supra,* 2 Cal.3d at p. 123; see *People v. Nakahara* (2003) 30 Cal.4th 705, 718 (*Nakahara*).) *Marsden* further held that when a defendant requests appointment of substitute counsel, the trial court must hold a hearing at which the defendant may state any grounds for dissatisfaction with the current appointed counsel. (*Marsden, supra,* 2 Cal.3d at pp. 123-125; see *People v. Sanchez* (2011) 53 Cal.4th 80, 90.)

3

The "trial court's duty to permit a defendant to state his reasons for dissatisfaction with his attorney arises when the defendant in some manner moves to discharge his current counsel." (*People v. Lucky* (1988) 45 Cal.3d 259, 281, fn. omitted.) Although a "proper and formal legal motion" is not required, there must be "at least some clear indication by defendant that he wants a substitute attorney." (*Id.* at p. 281, fn. 8; see *People v. Sanchez, supra,* 53 Cal.4th at p. 84.) "The mere fact that there appears to be a difference of opinion between a defendant and his attorney over trial tactics does not place a court under a duty to hold a *Marsden* hearing." (*Lucky, supra,* 45 Cal.3d at p. 281.)

*People v. Nakahara, supra,* 30 Cal.4th 705 is instructive. In *Nakahara*, the defendant sent a letter to the trial court in which he expressed dissatisfaction with his counsel's performance. (*Id.* at p. 718.) In the letter, the defendant stated the following: counsel and the defendant had a conflict of interest arising from phone calls that were never made, counsel conferred with the defendant only at court, counsel was uninterested in reading the defendant's notes regarding the preliminary hearing, and counsel failed to provide the defendant with paperwork regarding some witnesses. (*Ibid.*) *Nakahara* held that the complaints in the defendant's letter did not trigger the trial court's duty to hold a *Marsden* hearing. (*Id.* at pp. 718-719.) *Nakahara* reasoned: "As for the vague allegations in defendant's letter, at most they reflect a difference of opinion over trial tactics and some generalized complaints regarding counsel's performance, rather than a request for new counsel based on specific facts showing a deterioration of the attorney-client relationship." (*Id.* at p. 719.)

If a *Marsden* hearing was not required in *Nakahara*, we cannot conclude that a *Marsden* hearing was required in defendant's case. The *Nakahara* defendant made complaints regarding his counsel's performance. Here, defendant made no such complaints. Rather, defendant's statements reflected a general dissatisfaction with the

4

trial process, not dissatisfaction with defense counsel in particular. Indeed, defendant's comments suggested that he was actually pleased with defense counsel's performance. After the trial court stated, "You should be thanking your attorney about this moment. [¶] I'll see you at sentencing," defendant responded, "*I am*. I'm just saying that I believe she was pushed around." (Italics added.) Defendant's response thus confirmed that he was thankful for defense counsel's performance, and that his only concern was that defense counsel had been "pushed around" by unspecified individuals. Even if we were to construe defendant's "pushed around" comment as a complaint regarding counsel's performance, such a generalized complaint cannot be deemed a clear indication of a desire for a new attorney. (See *Nakahara, supra,* 30 Cal.4th at p. 719.) Accordingly, because there was no clear indication that defendant was dissatisfied with defense counsel and wanted a substitute attorney, the trial court was not required to hold a *Marsden* hearing.

Defendant contends his comment that he was "manipulated" constituted a clear indication of a desire for a new attorney. Defendant's argument is meritless. When making his statements to the trial court, defendant never specified *who* had allegedly manipulated him. Given that defendant's manipulation comment was not directed at defense counsel, we cannot conclude that the comment constituted an indication of a desire for a new attorney.

In summary, we conclude that there was no clear indication by defendant that he wanted a substitute attorney. We therefore conclude that the trial court did not err in failing to hold a *Marsden* hearing.

**DISPOSITION**

The judgment is affirmed.

_____
RUSHING, P.J.

WE CONCUR:

_____
PREMO, J.

_____
ELIA, J.

6