Filed 1/22/14  P. v. Godfrey CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C073233 |
| Plaintiff and Respondent, | (Super. Ct. No. CM036235) |
| v. | |
| ALEXANDER SCOTT GODFREY, | |
| Defendant and Appellant. | |

Defendant Alexander Scott Godfrey was charged with first degree burglary and an allegation that a person other than defendant or an accomplice was present.  At a meeting before trial, defense counsel cursed at defendant and left the room.  The trial court denied defendant's motion to substitute counsel, and a jury found him guilty of the charge and found the allegation that a person other than defendant or an accomplice was present was true.  On appeal, defendant contends the trial court abused its discretion in denying his motion to substitute counsel because his counsel's actions created an irreconcilable conflict likely to result in ineffective representation.  We disagree and affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

Because the facts underlying the charges are not relevant to this appeal, we do not discuss them.

After defendant was charged, Robert Radcliffe, a public defender, was appointed to represent him.

Prior to trial, Radcliffe provided defendant with a copy of the discovery received from the district attorney, "but there were some pages missing."  The discovery provided to defendant included a copy of the "narrative, which is the police officer's description of interviews and evidence that's attained [*sic*]" but did not include any of the pages with confidential information.

A week and one-half before the trial date, defendant met with Radcliffe at the jail "to discuss [his] case."  During the visit, defendant "questioned" Radcliffe about "some omissions in the discovery" provided to him "because it seem[ed] like [his] discovery [was] missing a lot of the pages."  Radcliffe told defendant he could not give him the remaining discovery because it contained personal information such as witnesses' addresses and phone numbers.  Defendant told counsel "that [he knew Radcliffe] work[ed] for the Court and the [district attorney] and the judge" and was "not fighting for him because [Radcliffe] was in cahoots with the district attorney."  In response, Radcliffe "flipped [defendant] off" and said, "Fuck you.  Fuck you, you piece of shit."  Radcliffe then "walked out of the visiting room."

Defendant requested a new attorney the following day.  At the *Marsden*[1] hearing, defendant provided the court with a letter stating he was "not getting adequate counsel." The letter explained how Radcliffe had cursed at defendant and that defendant felt "the incident" "was not conducted in a professional manner" and "[wa]s a violation of the

---

[1]     *People v. Marsden* (1970) 2 Cal.3d 118.

2

California Rules of Professional Conduct." When asked to explain what happened at their meeting, defendant described how he "confronted" his attorney about the pages missing from his discovery, how he "felt [counsel] wasn't doing anything for [him]" because his case "ha[d]n't gone anywhere," and how counsel cursed at him and left the room. When asked if he had any other problems with counsel, defendant said no.

Radcliffe addressed defendant's points in turn. He admitted he cursed at defendant and apologized for his behavior, explaining that he was upset by defendant's accusations that he "was in cahoots with the district attorney" and hoped that by "speaking [defendant's] language," defendant would understand he was upset by the accusations. He explained he did not give defendant copies of all of the discovery from the prosecution because there was confidential information on some pages but he did give defendant the narrative portion of the discovery, which contained all the information defendant needed to know.

Radcliffe described what he had done to prepare for trial and stated his belief that defendant had "a plausible defense." He stated that he remained "prepared to take [defendant's case] to trial" and "want[ed] to fight for him." Radcliffe did not believe that "the emotional response" defendant elicited from him would affect his ability to advocate for defendant at trial.

The court denied defendant's *Marsden* motion, believing Radcliffe's apology was sincere and that he was prepared for trial. The judge observed he had "known [Radcliffe] for the 22 years [he had] been a public defender" and "always considered [him] to be a gentleman." The court found "defendant [wa]s adequately represented" and would continue to be adequately represented at trial.

At trial, the jury found defendant guilty of residential burglary and found the allegation that a person other than defendant or an accomplice was present was true. He was sentenced to four years and eight months in prison.

3

DISCUSSION

Defendant contends "the trial court abused its discretion when it refused to appoint new counsel" because "[t]he attorney/client relationship was irretrievably broken" when Radcliffe cursed at defendant, "made an obscene gesture with his finger, [and] then walked out of their meeting." Because the relationship was "irretrievably broken" and defendant's confidence in his attorney "evaporated," defendant contends the court's refusal to substitute new counsel "necessarily resulted in a denial of [his] federal and state constitutional rights to effective assistance of counsel."

Pursuant to *People v. Marsden*, *supra*, 2 Cal.3d 118, "[a] defendant 'may be entitled to an order substituting appointed counsel if he shows that, in its absence, his Sixth Amendment right to the assistance of counsel would be denied or substantially impaired.' " (*People v. Memro* (1995) 11 Cal.4th 786, 857.) "*Marsden* motions are subject to the following well-established rules. ' " 'When a defendant seeks to discharge his appointed counsel and substitute another attorney, and asserts inadequate representation, the trial court must permit the defendant to explain the basis of his contention and to relate specific instances of the attorney's inadequate performance. [Citation.] A defendant is entitled to relief if the record clearly shows that the first appointed attorney is not providing adequate representation [citation] or that defendant and counsel have become embroiled in such an irreconcilable conflict that ineffective representation is likely to result [citations]' [Citations.]" ' [Citation.] Denials of *Marsden* motions are reviewed under an abuse of discretion standard." (*People v. Barnett* (1998) 17 Cal.4th 1044, 1085.)

Defendant's argument is premised on his contention that an irreconcilable conflict arose when Radcliffe cursed at him, flipped him off, and left the room. This interaction between defendant and counsel, however, does not in itself amount to such an irreconcilable conflict that ineffective representation was likely to result. "Although clearly some heated words were spoken between client and attorney . . . that alone does

4

not require a substitution of counsel absent an irreconcilable conflict." (*People v. Smith* (1993) 6 Cal.4th 684, 696 [finding no irreconcilable conflict where defendant claimed (among other issues) counsel " 'cussed [him] out' " because he " 'did not want to take [the plea]' "].) Although defendant emphasizes that counsel's words "personally degraded him" and constituted "more than just an angry outburst," defendant provides no authority for the proposition that use of personally degrading words is by itself necessarily sufficient to establish an irreconcilable conflict.

Furthermore, " 'a trial court is not required to conclude that an irreconcilable conflict exists if the defendant has not made a sustained good faith effort to work out any disagreements with counsel and has not given counsel a fair opportunity to demonstrate trustworthiness.' " (*People v. Barnett*, *supra*, 17 Cal.4th at p. 1086.) Since defendant requested substitute counsel the day after the incident, the trial court "could reasonably conclude that defendant had not made sufficient efforts to resolve his differences with [Radcliffe] or given [Radcliffe] sufficient time to demonstrate he was worthy of defendant's trust." (*Ibid.*)

Relying on *People v. Ramirez* (2006) 39 Cal.4th 398, defendant contends he was denied effective assistance of counsel because "[e]ffective representation is dependant [*sic*] on the defendant's confidence in his attorney," and his confidence in his attorney "evaporated . . . when counsel called [him] 'a piece of shit' and abandoned their meeting." *Ramirez* is distinguishable, however, because it involved a motion to substitute retained counsel rather than appointed counsel. (*Ibid.*) Moreover, to the extent defendant argues his subjective lack of confidence in his attorney is sufficient to require substitute counsel, we disagree. " ' "[I]f a defendant's claimed lack of trust in . . . an appointed attorney were sufficient to compel appointment or substitution of counsel, defendants effectively would have a veto power over any appointment and by process of elimination could obtain appointment of their preferred attorneys, which is certainly not the law." ' " (*People v. Memro*, *supra*, 11 Cal.4th at p. 857.)

5

In this case, the trial court "fully allowed defendant to state his complaints, then carefully inquired into them.  Defense counsel responded point by point." (*People v. Smith*, *supra*, 6 Cal.4th at p. 696.)  Counsel apologized for his behavior and assured the court it would not happen again.  The trial court was entitled to credit Radcliffe's testimony that he was prepared for trial and "want[ed] to fight for [defendant]."  On these facts, the court could reasonably conclude defendant was adequately represented.  Accordingly, the trial court did not abuse its discretion in declining to substitute counsel.

DISPOSITION

The judgment is affirmed.


      ROBIE      , Acting P. J.


We concur:


      DUARTE      , J.


      HOCH      , J.