Filed 10/8/15  P. v. Clauer CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H040810 |
| Plaintiff and Respondent, | (Santa Cruz County Super. Ct. No. F21566) |
| v. | |
| JOHN BRUCE CLAUER, | |
| Defendant and Appellant. | |

### STATEMENT OF THE CASE

An information charged defendant John Bruce Clauer with murder (Pen. Code, § 187, subd. (a)).[1]  The information alleged one prior strike conviction (§ 667, subds. (b)-(i)), one prior serious felony conviction (§ 667, subd. (a)(1)), one prior violent felony prison term (§ 667.5, subd. (a)), and four prior felony prison terms (§ 667.5, subd. (b)).  Following a trial, a jury convicted defendant of first degree murder.  In a bifurcated proceeding, the trial court found all of the charged allegations to be true.  The trial court sentenced defendant to a prison term of 50 years to life consecutive to nine years.

---

[1]  Subsequent unspecified statutory references are to the Penal Code.

Defendant now appeals from the judgment of conviction. On appeal, he contends that the trial court erred in failing to conduct a *Marsden*[2] hearing after he made comments regarding defense counsel's performance. As set forth below, we will affirm.

## BACKGROUND[3]

Before trial, defendant made three separate requests for appointment of substitute counsel, and the trial court held three separate *Marsden* hearings. The trial court denied the three requests for substitute counsel on January 25, 2013, October 16, 2013, and November 21, 2013, respectively.

On January 6, 2014, the day before opening statements, the trial court ruled on motions in limine. When it concluded issuing its rulings, the trial court stated, "All right. Anything else?" Defendant said, "You know we're not ready to start. You know that." The trial court did not respond to defendant's comment, and it recessed the proceedings for the day.

On January 8, 2014, the prosecutor expressed frustration that defendant was using expletives and "mumbling in some crazy fashion" during the testimony of prosecution witnesses. The trial court advised defendant: "I've let you mumble a little bit. . . . I assumed you were talking with your lawyer. But this last time you said something out loud and it was loud enough for me to hear, so you need to keep those thoughts to yourself or whisper them to your lawyer. So you need to communicate with your lawyer." Defendant responded: "If I had more opportunity to confer and consult with my attorney, if he wouldn't be gone for months at a time, I could find out things without having to find out things in the courtroom while things are being talked out." The trial court again advised defendant to whisper any comments to defense counsel. Defendant

---

[2] *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

[3] The facts underlying defendant's conviction are irrelevant to the issue presented on appeal. We therefore will not summarize those facts.

then stated: "All right. Thank you. And I do think we have a really good judge and a really good jury, but I still say I'm concerned whether I'm getting a constitutionally adequate defense. You know what I mean by that, right?" The trial court responded, "And everything is going on the record, so if there's an issue—" Defendant replied, "All right."

On January 9, 2014, the prosecutor again expressed frustration that defendant was using expletives and making comments during the testimony of prosecution witnesses. The trial court advised defendant that the jury might not like defendant's commentary and "hold that against" defendant. Defendant interrupted the trial court's remarks, and defense counsel attempted to silence defendant. Defendant said to defense counsel, "I don't need you to tell me not to respond." Defense counsel stated, "You do need me to tell you not to respond." Defendant replied: "You need to come and confer and consult with me so I don't have to talk to you in the courtroom. See, this is what happens. He's gone six and seven months at a time. The only time I get to talk to him is in the courtroom." The trial court did not respond to defendant's comments about defense counsel, and it instead advised defendant to not show anger in front of the jury and to whisper any statements to defense counsel. After the advisement, defendant stated, "Now we've got a good jury, we've got a good judge, and we're not going to switch lawyers in the middle of trial."

## DISCUSSION

Defendant contends that his comments about defense counsel's performance on January 6, 2014, January 8, 2014, and January 9, 2014 informed the trial court that he desired substitute counsel, and that the trial court therefore erred in failing to conduct a *Marsden* hearing following those comments. He urges us to conditionally reverse the judgment and remand the matter for a *Marsden* hearing. As explained below, we find no error and must affirm.

3

"The seminal case regarding the appointment of substitute counsel is *Marsden, supra,* 2 Cal.3d 118, which gave birth to the term of art, a '*Marsden* motion.' " (*People v. Smith* (1993) 6 Cal.4th 684, 690.) *Marsden* held that a defendant has a right to substitute counsel on a proper showing that the constitutional right to counsel would otherwise be substantially impaired. (*Marsden, supra,* 2 Cal.3d at p. 123; see *People v. Nakahara* (2003) 30 Cal.4th 705, 718.) *Marsden* further held that when a defendant requests appointment of substitute counsel, the trial court must hold a hearing at which the defendant may state any grounds for dissatisfaction with the current appointed counsel. (*Marsden, supra,* 2 Cal.3d at pp. 123-125; see *People v. Sanchez* (2011) 53 Cal.4th 80, 90 (*Sanchez*).)

The "trial court's duty to permit a defendant to state his reasons for dissatisfaction with his attorney arises when the defendant in some manner moves to discharge his current counsel." (*People v. Lucky* (1988) 45 Cal.3d 259, 281, fn. omitted (*Lucky*).) Although a "proper and formal legal motion" is not required, there must be "at least some clear indication by defendant that he wants a substitute attorney." (*Id.* at p. 281, fn. 8; see *Sanchez, supra,* 53 Cal.4th at p. 84.) "The mere fact that there appears to be a difference of opinion between a defendant and his attorney over trial tactics does not place a court under a duty to hold a *Marsden* hearing." (*Lucky, supra,* 45 Cal.3d at p. 281.) "Mere grumbling" about counsel's failures is insufficient to trigger a *Marsden* hearing. (*People v. Lee* (2002) 95 Cal.App.4th 772, 780.)

Here, defendant did not clearly indicate that he wanted a substitute attorney on January 6, 2014, January 8, 2014, or January 9, 2014. It is true that defendant made general complaints regarding defense counsel's performance. He never made any statement, however, that connected his complaints with a desire for a new attorney. On the contrary, he explicitly informed the trial court that he was "not going to switch lawyers in the middle of trial." Thus, rather than moving to discharge his attorney,

4

defendant actually informed the trial court that he was not seeking substitution of counsel. "[W]e will not find error on the part of the trial court for failure to conduct a *Marsden* hearing in the absence of evidence that defendant made his desire for appointment of new counsel known to the court." (*People v. Richardson* (2009) 171 Cal.App.4th 479, 484.) Given the record here—which contains no clear indication of defendant's desire for appointment of new counsel and actually includes defendant's express statement that he was not seeking substitute counsel—defendant cannot show that the trial court erred in failing to hold a *Marsden* hearing.

## DISPOSITION

The judgment is affirmed.

_____
          RUSHING, P.J.

WE CONCUR:

_____
    ELIA, J.

_____
    WALSH, J.[*]

*People v. Clauer*
**H040810**

_____

    [*] Judge of the Santa Clara County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.