Filed 11/23/15  P. v. Requejo CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ALEXIS MICHAEL REQUEJO,<br><br>    Defendant and Appellant. | F069053<br><br>(Super. Ct. No. VCF279258)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Brett R. Alldredge, Judge.

Conness A. Thompson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and John G. McLean, Deputy Attorneys General, for Plaintiff and Respondent.

---

[*]    Before Gomes, Acting P.J., Franson, J. and Smith, J.

## INTRODUCTION

On January 16, 2014, a jury found defendant guilty of one count of possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)), and one count of possession of ammunition by a felon (Pen. Code, § 30305, subd. (a)(1)). In a separate proceeding, the trial court found allegations that defendant had been imprisoned on three occasions for felony convictions and on each occasion had failed to stay out of custody for a period of five years to be true, and subsequently sentenced defendant to an aggregate term of five years in prison.

On appeal, defendant argues the trial court abused its discretion by failing to conduct a *Marsden*[1] hearing after defendant voiced displeasure with his trial counsel's performance. We affirm.

## FACTS

On February 8, 2013, police found defendant, a convicted felon, inside a hotel room containing a sawed-off shotgun and 15 shotgun shells. As a result of these events, an amended information was filed charging defendant with unlawful possession of a firearm and unlawful possession of ammunition. The information also alleged a number of prior felony convictions. A jury found defendant guilty of the unlawful possession charges and, in a bifurcated proceeding, the trial court found the prior conviction allegations to be true.

Following the bench trial on his prior convictions, defendant informed the court that defense counsel had never visited him in jail, had rescheduled all of their meetings while defendant was out on bail, and did not ask defendant to outline his version of the events in question until the day jury selection began. Defendant stated he felt "railroaded" and that he would have been "better off pro per." During these allegations,

---

[1] *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

defense counsel indicated he was prepared to do a *Marsden* hearing, but after defendant concluded his complaints, the trial court stated it had heard defendant's statements and did not feel it was necessary for defense counsel to make a response.

The trial court subsequently imposed an aggregate term of five years in prison, and this appeal followed.

## DISCUSSION

Defendant contends the trial court erred by failing to conduct a *Marsden* hearing after defendant raised detailed complaints about the performance of his trial counsel. We disagree.

Under *Marsden*, a trial court may not deny an indigent defendant's request for a new attorney without first providing the defendant with the opportunity to present argument or evidence in support of the request. (*Marsden*, *supra*, 2 Cal.3d at p. 123.) "[A] trial court must conduct such a *Marsden* hearing only when there is at least some clear indication by the defendant, either personally or through counsel, that the defendant wants a substitute attorney." (*People v. Sanchez* (2011) 53 Cal.4th 80, 84.)

In the instant case, we do not find any such clear indication on the part of defendant. While defendant expressed dissatisfaction over his counsel's performance, there was no indication defendant desired the appointment of new counsel. Indeed, given the late stage of the proceedings, defendant's complaints appear to be purely after-the-fact criticism of his trial counsel. "Mere grumbling" about counsel's performance—in the absence of a clear indication of a desire for a substitute attorney—is insufficient to trigger the procedures outlined in *Marsden*. (*People v. Lee* (2002) 95 Cal.App.4th 772, 780.)

Further, even if defendant did clearly indicate a desire for new counsel, we are not persuaded the trial court failed to fulfill its *Marsden* obligations. As noted above, under *Marsden*, a trial court may not deny an indigent defendant's request for new counsel without first allowing the defendant an opportunity to detail the specific reasons for the

request.  (*Marsden*, *supra*, 2 Cal.3d at p. 123.)  As the trial court provided defendant with ample opportunity to do exactly that, the *Marsden* requirements were satisfied.

While it is true the trial court did not question defense counsel about defendant's allegations, a trial court may, in certain circumstances, fulfill its obligations under *Marsden* without making such inquiries.  (*People v. Young* (1981) 118 Cal.App.3d 959, 965-966.)  Here, we find no error in the trial court's decision to simply conclude the matter after allowing defendant to detail his specific grievances.  When a *Marsden* motion is made, "the inquiry is forward-looking in the sense that counsel would be substituted in order to provide effective assistance in the *future*."  (*People v. Smith* (1993) 6 Cal.4th 684, 695.)  As defendant aired his grievances after the conclusion of his trials on both the charged offenses and special allegations, all that remained in defendant's lower court proceedings was the matter of sentencing.  Despite the non-trivial nature of defendant's complaints concerning counsel, we cannot conclude the trial court erred by declining to find that defendant would be better served by replacement counsel for the purposes of sentencing only.  Accordingly, we affirm.

## DISPOSITION

The judgment is affirmed.

4.