Filed 12/21/15  P. v. Spencer CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> JOVAUN MONAY SPENCER, <br><br> Defendant and Appellant. | F069368 <br><br> (Super. Ct. No. BF151653A) <br><br><br> **OPINION** |

-ooOoo-

## THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  Colette M. Humphrey, Judge.

Rachel Varnell, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Marcia A. Fay, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

*       Before Kane, Acting P.J., Poochigian, J. and Smith, J.

## INTRODUCTION

On April 4, 2014, defendant pled no contest to one count of unlawful possession of a firearm by a convicted felon and, pursuant to his plea agreement, was subsequently sentenced to a term of eight years in prison. Following the entry of his plea, defendant made a *Marsden*[1] motion seeking the substitution of his appointed counsel. After a hearing on the matter, the superior court denied defendant's motion. On appeal, defendant argues the superior court failed to sufficiently inquire into the specifics of defendant's complaints concerning his trial counsel. We affirm.

## FACTS

On December 4, 2103, an information was filed charging defendant with unlawful possession of a firearm (Pen. Code,[2] § 29800, subd. (a)(1); count 1), carrying a loaded firearm in public (§ 25850, subd. (c)(3); count 2), carrying a concealed firearm (§ 25400, subd. (c)(3); count (3), participating in a criminal street gang (§ 186.22(a); count 4), and resisting a police officer (§ 148, subd. (a)(1); count 5). The information also alleged that defendant committed the firearm charges in furtherance of criminal street gang, and that defendant had a prior strike conviction, a prior serious felony conviction, and two prior prison terms. On April 4, 2014, defendant pled no contest to the unlawful possession charge—as well as the gang and prior strike allegations—in exchange for an eight-year prison sentence and the dismissal of the remaining charges and allegations

Prior to sentencing, defendant filed a *Marsden* motion seeking the substitution of his appointed counsel. At a hearing on defendant's motion, defendant informed the trial court that his counsel "didn't help [him] at all," and failed to file motions on his behalf. Specifically, defendant alleged he had gone to the law library and researched a motion to dismiss his charge for participation in a criminal street gang, but defense counsel had

---

[1]    *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

[2]    All further statutory references are to the Penal Code, unless otherwise indicated.

filed no such motion. Defendant also alleged that his counsel had failed to negotiate a more favorable plea deal, and had merely presented defendant with the People's offer. In response, defense counsel stated he had reviewed defendant's case and determined there were no meritorious motions to be filed.

After defendant and defense counsel were given the opportunity to speak, the trial court asked if defendant had further complaints about his counsel, and defendant stated he did not. The trial court then denied defendant's motion, finding that, under *People v. Valdez* (2004) 32 Cal.4th 73, counsel's failure to file specific motions and conduct the defense in the way defendant would have liked were insufficient grounds to grant a *Marsden* motion. This appeal followed.

## DISCUSSION

Defendant argues the superior court erred by denying his *Marsden* motion, as the court failed to sufficiently inquire into the specifics of defendant's complaints concerning his trial counsel. We disagree.

Under *Marsden*, a trial court may not deny an indigent defendant's request for a new attorney without first providing the defendant the opportunity to present argument or evidence in support of the request. (*Marsden, supra,* 2 Cal.3d at p. 123.) "[A] *Marsden* hearing is not a full-blown adversarial proceeding, but an informal hearing in which the court ascertains the nature of the defendant's allegations regarding the defects in counsel's representation and decides whether the allegations have sufficient substance to warrant counsel's replacement." (*People v. Hines* (1997) 15 Cal.4th 997, 1025.) Replacement of counsel is a matter of judicial discretion, and denial of a *Marsden* motion is not an abuse of discretion unless the defendant has shown that a failure to replace the appointed attorney would substantially impair the defendant's right to assistance of counsel. (*People v. Hart* (1999) 20 Cal.4th 546, 603.)

Here, the trial court provided defendant ample opportunity to relate specific instances of his attorney's alleged inadequate performance, asked follow-up questions to

3.

clarify the nature of defendant's complaints, and even verified that defendant had no further complaints before rendering its decision. Given those facts, it must be concluded that the trial court sufficiently inquired into defendant's allegations of ineffective assistance prior to denying his *Marsden* motion.

Nevertheless, defendant claims the trial court erred by concluding that complaints concerning unfiled motions were legally insufficient to warrant the replacement of counsel. According to defendant, the trial court's decision represented a general rejection of unfiled motions as grounds for granting a *Marsden* motion, and prevented the trial court from considering the specific merits of defendant's complaints.

This claim, however, oversimplifies the trial court's ruling. The trial court did not conclude that counsel's failure to file motions *never* merits the granting of a *Marsden* motion, but rather that counsel's failure to file *specific motions defendant would have liked* was not a sufficient basis to grant such a motion. We find this to be an accurate statement of the law. "When a defendant chooses to be represented by professional counsel, that counsel is 'captain of the ship' and can make all but a few fundamental decisions for the defendant." (*People v. Carpenter* (1997) 15 Cal.4th 312, 376.) While failure to file dispositive motions could certainly form the basis for a successful *Marsden* motion, "defense counsel's decision not to file a motion he believes will be futile does not "'substantially impair' ... defendant's right to effective assistance of counsel.'" [Citations.]" (*People v. Guitierrez* (2009) 45 Cal.4th 789, 804.)

Here, defendant described a motion he felt should have been filed by defense counsel and, upon questioning, defense counsel stated that defendant's file presented no opportunities for a meritorious motion of any kind. "To the extent there was a credibility question between defendant and counsel at the hearing, the court was 'entitled to accept counsel's explanation.'" (*People v. Smith* (1993) 6 Cal.4th 684, 696.) Accordingly, we conclude the trial court did not abuse its discretion by denying defendant's *Marsden* motion.

## DISPOSITION

The judgment is affirmed.