Filed 5/2/16  P. v. Jimenez CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>RICHARD JIMENEZ,<br><br>Defendant and Appellant. | F069887<br><br>(Fresno Super. Ct. No. F11901771)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Houry A. Sanderson, Judge.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Marcia A. Fay, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Gomes, Acting P.J., Detjen, J. and Peña, J.

Defendant Richard Jimenez was convicted by no contest plea of petty theft with a prior (Pen. Code, § 666).[1] He admitted a prior strike conviction allegation and a prior prison term allegation (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d), 667.5, subd. (b)). The trial court sentenced him to 11 years in prison. On appeal, he contends the trial court abused its discretion by denying his post-plea *Marsden*[2] motion for substitute appointed counsel.[3] We affirm.

## BACKGROUND

At the July 29, 2014 *Marsden* hearing, the *Marsden* court asked defendant why he believed counsel had not properly represented him. Defendant explained that counsel did not let him finish watching a video of himself, and then misrepresented to a court that defendant had watched the entire video. When the *Marsden* court inquired, defendant agreed this video was part of a case against him that had since been dismissed.

Defendant explained that he had been having problems with counsel for a long time. Defendant said he had been granted pro per status in September 2011, but counsel entered the courtroom anyway and initiated competency proceedings against him. The *Marsden* court examined the relevant minute orders and informed defendant that in fact he had not been granted pro per status in September 2011 when counsel initiated competency proceedings; thereafter defendant was found incompetent and was committed to the mental hospital to regain his competency.

Defendant next explained that upon his return to court after regaining his competency, he requested a *Marsden* hearing. He believed counsel was working with the district attorney and Home Depot, the store from which defendant was accused of

---

[1]    All statutory references are to the Penal Code unless otherwise noted.

[2]    *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

[3]    To differentiate between courts in which defendant appeared, we will refer to the court that heard the current *Marsden* motion as the *Marsden* court.

stealing.[4]  Competency proceedings were instituted against him again.  The *Marsden* court explained, however, that defendant's previous *Marsden* motion was denied, as was his subsequent *Faretta*[5] motion to represent himself; that defendant later raised another *Faretta* motion, which was denied; that eventually competency proceedings were instituted; that two more *Marsden* motions were denied; and that defendant was then found incompetent again.  Defendant explained that one of the examining psychiatrists told him he would find defendant competent if he agreed to get along with his attorney, but then the psychiatrist found him incompetent instead.  Defendant knew counsel had done it again:  he had convinced the psychiatrist to find defendant incompetent so they could send him back to the mental hospital.  Defendant told the *Marsden* court, "My point is that I am competent, and they keep sending me.  This guy does it right here."

Defendant then explained that counsel lied to him when he told him his exposure was 52 years to life.  The *Marsden* court explained that when all the counts and enhancements were added up, his exposure was in fact 55 years to life; his plea was to only one count and the court had struck all his priors but one, agreeing to sentence him to only 11 years.

Defendant explained that although he still wanted to pursue a jury trial on his dismissed case, counsel was conspiring to make sure he did not win the case.  Counsel would not come to see him, lied to him constantly, knew nothing about his case, and refused to file motions on his Fourth Amendment rights.  Defendant did not trust counsel and could not work with him.  Defendant believed counsel was working for Home Depot.  In fact, he believed the whole courthouse was working for Home Depot.  Defendant insisted he would go to trial even if he was stuck with counsel.  Defendant would inform

---

**4**　　Home Depot alleged that defendant fraudulently exchanged paint when he returned a partially used can and replaced it with a full can.

**5**　　*Faretta v. California* (1975) 422 U.S. 806 (*Faretta* ).

the jury of the troubles he was having with counsel. The *Marsden* court explained to defendant that counsel had successfully convinced the prosecutor to dismiss charges without the right to comment on the case.

The *Marsden* court then turned to counsel, who explained that he had never lied to defendant. Defendant had become fixated on a conspiracy theory and a video in another case, which defendant did watch in its entirety. Counsel investigated and interviewed the witnesses defendant told him about. Counsel was going to subpoena one of those witnesses, but his number was disconnected and he was homeless. The other witness refused to testify. Counsel saw defendant numerous times and went over his case with him. Counsel did not see a basis for a suppression motion. Counsel had never worked for Home Depot and was not involved in a conspiracy.

The *Marsden* court concluded defendant had not made an adequate showing that counsel was providing ineffective representation, and it denied the motion for substitute counsel.

## DISCUSSION

Defendant contends the *Marsden* court should have granted his *Marsden* motion because the attorney-client relationship had irretrievably broken down such that defendant and counsel could not work together effectively. Defendant argues he lost trust in counsel and his dissatisfaction with him was deeply rooted and long standing, as shown by his numerous *Marsden* motions.

"When a defendant seeks to discharge his appointed counsel and substitute another attorney, and asserts inadequate representation, the trial court must permit the defendant to explain the basis of his contention and to relate specific instances of the attorney's inadequate performance. [Citation.] A defendant is entitled to relief if the record clearly shows that the first appointed attorney is not providing adequate representation [citation] or that defendant and counsel have become embroiled in such an irreconcilable conflict that ineffective representation is likely to result." (*People v. Crandell* (1988) 46 Cal.3d

4.

833, 854, overruled on other grounds in *People v. Crayton* (2002) 28 Cal.4th 346, 364-365.) " 'A trial court should grant a defendant's *Marsden* motion only when the defendant has made "a substantial showing that failure to order substitution is likely to result in constitutionally inadequate representation." ' " (*People v. Streeter* (2012) 54 Cal.4th 205, 230.) "A *Marsden* motion is addressed to the discretion of the trial court, and a defendant bears a very heavy burden to prevail on such a motion. The defendant must show that appointed counsel is not adequately representing him, and that the deficiency in representation is so great as to substantially impair the defendant's right to the effective assistance of counsel. [Citation.] The defendant must give specific examples of counsel's inadequacies, and cannot rest upon mere failure to get along with or have confidence in counsel." (*People v. Bills* (1995) 38 Cal.App.4th 953, 961.) A defendant who does not make this showing is not entitled to substitute counsel. (*People v. Smith* (1993) 6 Cal.4th 684, 696.)

We conclude the *Marsden* court did not abuse its discretion when it denied defendant's *Marsden* motion. The court was exceedingly solicitous and patient in allowing defendant to thoroughly and repeatedly voice his concerns regarding counsel's representation and alleged failings. The court pursued and investigated defendant's accusations and concerns thoroughly, finding ultimately that there were no grounds to support ineffective assistance. In our opinion, the record overwhelmingly supports the trial court's conclusion. The court was entitled to make a credibility determination and accept counsel's explanations that defendant's accusations were not true or simply did not amount to ineffective representation. (*People v. Smith, supra,* 6 Cal.4th at p. 696.) In sum, defendant did not make " ' "a substantial showing that failure to order substitution [was] likely to result in constitutionally inadequate representation." ' " (*People v. Streeter, supra,* 54 Cal.4th at p. 230.) The trial court did not abuse its discretion in denying defendant's motion for substitute counsel.

5.

## **DISPOSITION**

The trial court's order is affirmed.