Filed 1/25/23  P. v. Villarreal CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Colusa)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ERIC VILLARREAL,<br><br>Defendant and Appellant. | C094976<br><br>(Super. Ct. No. CR62599) |

A jury found defendant Eric Villarreal guilty of assault by means likely to produce great bodily injury and found true a great bodily injury enhancement.  In a bifurcated proceeding, the trial court found the allegation that defendant had suffered a prior serious felony conviction true.  The trial court sentenced defendant to an aggregate term of 11 years in prison.

On appeal, defendant contends the trial court erred in denying his motions for the appointment of substitute counsel under *People v. Marsden* (1970) 2 Cal.3d 118.  Finding no abuse of discretion, we will affirm the judgment.

1

BACKGROUND

The substantive facts underlying defendant's conviction are immaterial to the issue on appeal and are therefore not recounted here.

On December 31, 2020, the day after the People filed a felony complaint alleging that defendant had committed an assault by means likely to cause great bodily injury (Pen. Code, § 245, subd. (a)(4))[1] and made criminal threats (§ 422), defense counsel was appointed, and defendant was advised of the charges against him. On January 4, 2021, defendant pled not guilty. The matter was set for a preliminary hearing one week later, on January 11, 2021.

At the preliminary hearing, defense counsel requested a continuance, as he was not prepared to proceed. Defendant was released on bail prior to defense counsel's attempt to visit him in jail, and had not contacted counsel; thus, counsel and defendant had not had the opportunity to meet. Counsel also noted their sole conversation had been "a little emotionally charged." Defendant indicated he wanted to speak with counsel, wanted to see what was included in discovery, and wanted to make a *Marsden* motion to replace his attorney.

At his *Marsden* hearing, defendant stated his reasons for wanting to replace his attorney: "Just before the first time when I came to court before arraignment, I came to speak to him. He gave me about a ten-second introduction and then stopped it. He says, Do you want me to call the bailiff? You want me to call the bailiff? I was like -- okay, now, I am feeling like I have no relationship or able to communicate with my lawyer now, because he wants to do what he wants to do, and that's on my behalf. And it scared me Your Honor. [¶] Right now I've talked to him. He goes, You're getting -- standing too close to me. You're standing too close to -- um, I don't want to -- I just want to look

---

[1] Undesignated statutory references are to the Penal Code.

2

out for my own self. And this guy -- I can't -- he's going to make -- I would like a *Marsden* motion, please. I don't like the way he is handling me and my case."

Counsel responded he had first met defendant at the arraignment and had not received any discovery, or even a police report, at that point. While defendant claimed that he had not given him reports at the arraignment and was angry about that, counsel had never refused to give defendant reports because he did not have any reports to give at that time. Counsel also reported he had gone to the jail to visit defendant and was told defendant was no longer in custody, as he had made bail. Defendant had not called for an appointment with counsel. Counsel denied there had been any quarrels between himself and defendant, as there had not been any communication.

The court found there was no basis to replace counsel. Counsel had had almost no opportunity to have contact or discussions with defendant given the nature of the court calendar and the recency of his appointment, which would necessarily result in counsel having little or nothing to say to defendant. The court also noted once defendant had made bail, he should have contacted his attorney and had not done so. The court found defendant had not given counsel a chance and there was no basis for a *Marsden* motion. The preliminary hearing was continued for another two weeks.

At the next hearing set for preliminary hearing, defense counsel reported the People were seeking a continuance and he had no objection, as he and defendant would benefit from more time to talk. Defendant stated he wanted to make another *Marsden* motion. After a recess to allow defense counsel and defendant the opportunity to speak, defendant "demanded" another *Marsden* hearing and to proceed to preliminary hearing.

In that *Marsden* hearing, defendant informed the court he wanted to proceed to the preliminary hearing, counsel was not providing what he "ha[d] rights to," and when he tried to consult with counsel, counsel was very rude to him. He advised the court he had not met with counsel during their scheduled appointment because he could not find counsel's office. When he called the office, the secretary informed him the office was

3

closing. Defendant later contacted counsel as counsel was walking down the street. Defendant agreed with the court's summary as to his complaints: that counsel was rude to him; and, he was ready for a preliminary hearing, wanted to proceed to one, and was not in a position to have one.

Defense counsel responded to defendant's assertions. He stated he had attempted to contact defendant in jail on January 8, 2021, but defendant was no longer in custody and had not notified counsel he had bailed out of jail. After the preliminary hearing was continued to January 25, 2021, they set an appointment for January 21, 2021. Defendant did not call at the time of his appointment. Defense counsel's secretary reported defendant had called after his scheduled appointment time, when appointments were done for the day, and yelled at her until she terminated the conversation. Counsel also reported the day after the missed appointment, defendant stopped counsel on the sidewalk and said he wanted the police reports. They walked back to counsel's office and the secretary made copies of the police reports. Defendant was upset that certain information had been redacted, as required, and he "raised his voice a couple of times on that issue." Counsel asked defendant to leave the office and he did. Counsel stated defendant had been offered several chances to speak with him, and counsel continued to make those offers. Defendant made bail and was released from custody without contacting counsel and did not call at his scheduled appointment time. Counsel also indicated the preliminary hearing needed to be continued because he and defendant had not had an opportunity to speak, and a critical witness was not available. Counsel denied responsibility for any failure to communicate with defendant, as defendant had frustrated counsel's attempts to speak with him. He also noted he had provided defendant with the police reports.

Defendant stated counsel's statements were "a little inaccurate" and that in speaking with counsel, counsel would rudely cut him off, which did not allow him an opportunity to speak.

4

The trial court concluded there was an insufficient history to determine if there was a breakdown in the attorney-client relationship. The court found defendant primarily responsible for the communication difficulties and counsel's lack of preparedness for the preliminary hearing, in that he had not reported to counsel when he was released from custody and did not keep his scheduled appointment. The court noted defendant was required to cooperate in the relationship, as well. The court also stated defendant had not indicated any way in which counsel's representation had failed defendant. Accordingly, the court denied the *Marsden* motion.

In the ensuing pretrial proceedings, defendant indicated he was seeking retained counsel. Defendant continued to fail to meet with defense counsel or discuss the case with him and disregarded counsel's advice. Defendant did not retain counsel or make further *Marsden* motions.

Defendant was held to answer after the preliminary hearing. The People filed an information alleging defendant committed an assault by means likely to produce great bodily injury (§ 245, subd. (a)(4)) with a special allegation that he personally inflicted great bodily injury (§ 12022.7, subd. (a)). The People amended the information to allege a five-year prior serious felony enhancement (§ 667, subd. (a)) and a prior strike conviction (§ 667, subds. (d)-(e)).

A jury found defendant guilty of assault by means likely to produce great bodily injury and found true the great bodily injury enhancement. Defendant waived his right to a jury trial on the prior conviction, and in a bifurcated proceeding, the trial court found the prior strike conviction allegation true.

The trial court sentenced defendant to an aggregate term of 11 years, consisting of the upper term of four years, doubled pursuant to the strike, plus three years consecutive for the great bodily injury enhancement. The court exercised its discretion to strike the prior prison enhancement. The court awarded defendant 113 days of presentence custody credit and imposed various fines and fees.

Defendant filed his notice of appeal on September 29, 2021. Due to delays in preparing the record and multiple extensions of time, this case was not fully briefed until November 18, 2022.

## DISCUSSION

Defendant contends the trial court abused its discretion by denying his *Marsden* motions, as there were irreconcilable differences between defendant and counsel. Specifically, defendant contends counsel argued against his client's position and disputed his veracity at both *Marsden* hearings.

When a defendant seeks substitution of appointed counsel pursuant to *Marsden*, "the trial court must permit the defendant to explain the basis of his contention and to relate specific instances of inadequate performance. A defendant is entitled to relief if the record clearly shows that the appointed counsel is not providing adequate representation or that defendant and counsel have become embroiled in such an irreconcilable conflict that ineffective representation is likely to result." (*People v. Smith* (2003) 30 Cal.4th 581, 604.)

"[T]he number of times one sees his attorney, and the way in which one relates with his attorney, does not sufficiently establish incompetence." (*People v. Silva* (1988) 45 Cal.3d 604, 622.) A lack of trust in appointed counsel, the failure to get along with counsel, or the fact that there are heated exchanges between client and attorney does not require a substitution of counsel. (*People v. Jones* (2003) 29 Cal.4th 1229, 1246; *People v. Smith* (1993) 6 Cal.4th 684, 696-697; *People v. Bills* (1995) 38 Cal.App.4th 953, 961.) Moreover, a defendant may not force the substitution of counsel by his own conduct that manufactures a conflict. (*Smith*, at pp. 696-697.) Similarly, a defendant's "claimed lack of trust in, or inability to get along with, an appointed attorney" does not compel, without more, the discharge of appointed counsel. "A trial court is not required to conclude that an irreconcilable conflict exists if the defendant has not made a sustained good faith effort to work out any disagreements with counsel and has not given counsel a fair

6

opportunity to demonstrate trustworthiness." (*People v. Crandell* (1988) 46 Cal.3d 833, 860, abrogated on another ground in *People v. Crayton* (2002) 28 Cal.4th 346, 364-365, italics omitted.) To the extent there may be a credibility question between defendant and counsel at the *Marsden* hearing, the court is entitled to accept counsel's explanation. (*Smith*, at p. 696.)

The court's denial of a *Marsden* motion is reviewed for an abuse of discretion. (*People v. Streeter* (2012) 54 Cal.4th 205, 230.) "Denial is not an abuse of discretion 'unless the defendant has shown that a failure to replace counsel would substantially impair the defendant's right to assistance of counsel.' [Citation.]" (*People v. Taylor* (2010) 48 Cal.4th 574, 599.)

The court allowed defendant to fully state his complaints, inquired into them, and asked counsel to respond. Defendant's showing demonstrated neither constitutionally inadequate assistance of counsel nor a fundamental breakdown of the relationship between defendant and counsel. (*People v. Webster* (1991) 54 Cal.3d 411, 436.) At most, defendant's complaints indicated counsel had been rude to him, there had been challenges in defendant and counsel's ability to meet and confer about the case, and defendant did not want to delay proceeding to preliminary hearing. Counsel offered reasonable explanations for these complaints and the court was entitled to accept counsel's representations. Moreover, to the extent there was a failure to communicate with defendant, the record supports the trial court's finding that defendant bore partial responsibility for that failure. Defendant did not communicate with counsel upon his release from custody and did not attend his scheduled appointment. When defendant did meet with counsel, counsel provided him with the records he requested. Defendant's complaints arose in the earliest stages of the proceedings, within 25 days after counsel's appointment. While there was some evidence there were disagreements or heated exchanges between defendant and counsel, there was no indication defendant had made any effort to work out any disagreements with counsel or given counsel a fair opportunity

to demonstrate trustworthiness. (See *People v. Barnett* (1998) 17 Cal.4th 1044, 1086.) Neither counsel's perceived rudeness nor the tactical disagreement regarding proceeding to preliminary hearing reflected an irreconcilable conflict. Nor did any of defendant's complaints suggest counsel was not effectively representing him. We find no abuse of discretion in the trial court's ruling on the *Marsden* motions.

Defendant also contends he was prejudiced by counsel's "animus toward him throughout the proceedings," as demonstrated by his "gratuitous remarks and disparagement" of defendant, which he claims created an irreconcilable conflict. He argues his right to effective assistance of counsel and due process rights were violated by the denial of his *Marsden* motions. He clarifies in his reply brief that he is arguing he was "denied the effective representation of conflict-free counsel" by the erroneous denial of his *Marsden* motions and that he is referencing counsel's post-*Marsden* actions to show prejudice from that denial. Because we find no error in the trial court's denial of the *Marsden* motions, we need not conduct an analysis for prejudice.

DISPOSITION

The judgment is affirmed.


/s/<br>
BOULWARE EURIE, J.

We concur:


/s/
DUARTE, Acting P. J.


/s/
RENNER, J.

8