Filed 2/28/24  P. v. Oakes CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ROBERT ALLEN OAKES,<br><br>Defendant and Appellant. | C097255<br><br>(Super. Ct. No. S19CRF0167) |

A jury convicted defendant Robert Allen Oakes of committing lewd acts upon a child, oral copulation/sexual penetration with a child under 10, and meeting a minor for lewd purposes.  The trial court sentenced defendant to 15 years to life plus 11 years.  On appeal, defendant contends the trial court abused its discretion by denying his *Marsden*[1]

---

[1] *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

1

motions to relieve his attorney and appoint new counsel. Finding no abuse of discretion, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

The substantive facts underlying defendant's conviction are immaterial to the issue on appeal and are therefore not recounted here. Prior to trial, defendant filed four *Marsden* motions. The trial court denied the first and fourth motions and defendant withdrew the second and third motions.

I

*First* Marsden *Motion*

Defendant filed a written motion to relieve counsel, and the trial court held a *Marsden* hearing in which it questioned both defendant and counsel. In his motion and at the hearing, defendant indicated he sought substitute counsel on the basis that his counsel failed to file motions critical to the defense, did not present oral argument at defendant's bail hearing, withheld discovery and other evidence from defendant, did not know which of defendant's charges carried a 15-year-to-life sentence, and made false statements concerning defendant's relationship with the victim's grandmother.

Defendant argued a witness statement produced in discovery proved his innocence and that counsel should have filed a motion to end the case. When asked by the trial court what motion counsel failed to file, defendant said that the victim told police officers defendant "did not touch her," which he claimed proved his innocence. Defendant stated that he had discussed this issue with counsel. Defendant also said that counsel did not obtain photographs of defendant after he was assaulted in jail.

In response to defendant's claims, counsel said that he was in the process of researching a motion to dismiss based on the statute of limitations and had "touched on it" with defendant. He indicated he needed to further discuss the issue with defendant but still had time to file the motion. He also stated that he "did not put on a formal oral

2

argument" at the bail hearing because he submitted a 14-page motion that addressed all relevant issues and he did not feel he needed to supplement it with oral argument.

In regard to defendant's allegations that counsel withheld evidence from defendant, counsel explained defendant had previously been provided the complained-about police report in discovery, which contained a witness statement that defendant did not touch the victim. Counsel said he previously offered to provide defendant another copy, which defendant declined. He went on to say he would provide defendant another copy if defendant wanted one. Counsel further said that the police report and statements by the victim's sister evidenced a prior inconsistent statement that could be considered by the jury as a credibility determination and went to the weight of the evidence. Counsel said he advised defendant on how the statement would be useful for defendant's case at trial because it "goes to the weight of the evidence rather than proving his innocence." As to this point, on further questioning by the trial court, defendant confirmed that he expected that his case would end because of the exculpatory evidence.

Counsel also stated he had explained multiple times to defendant that the 15-year-to-life sentence related to the oral copulation charge, and he did not recall making a comment about defendant's relationship with the victim's grandmother.

The trial court denied the motion because it did not find ineffective assistance of counsel or an irreparable conflict.

II

*Second And Third* Marsden *Motions*[2]

Defendant filed a second *Marsden* motion alleging that counsel refused to communicate with defendant for two months, did not present evidence at a motion

---

[2] Although defendant withdrew both his second and third *Marsden* motions, the allegations from both motions and defendant's statements from the second *Marsden* hearing are relevant to our abuse of discretion analysis regarding whether an

3

hearing, would not let defendant address the trial court at hearings, was biased against his case, did not inform the trial court that defendant's mother passed away, did not appear for a court date and did not inform defendant, lied to defendant, and that defendant believed counsel thought he was guilty and wanted defendant to "take some bad deal." Defendant further claimed that counsel told him that he "could not have a fair trial unless . . . [he] . . . waive[d] time." At the hearing, defendant stated that his "charges [were] really old" and counsel had not "said anything about that," which the trial court responded to by informing defendant that counsel had filed a motion in limine to address that issue. Defendant also said that he wanted counsel to "stand up a little for [him] . . . like say . . . this is way back, and she told the cops [defendant] didn't touch her," indicating counsel had failed to present evidence at a motion hearing. The trial court indicated to defendant that counsel had already done that in a previously filed motion.

Counsel said that he was unable to appear at a hearing due to a family illness, another attorney handled the hearing, and he communicated the reason for his absence to defendant. Counsel discussed that some of the delay in the case was due to the prosecution not providing a plea offer with specific terms for about a year. When the trial court asked counsel about his dealing with the prosecutor, counsel said that he had "calculated [defendant's] maximum exposure." The trial court then explained to defendant, in its experience, "when an attorney seeks to obtain an offer from the prosecution . . . , defendants frequently interpret that as a lack of confidence" in their case.

Counsel also detailed that he visited defendant over the course of several months and at least "a couple of times" in the month prior to defendant filing the second *Marsden* motion. Counsel stated that he attempted to get information to request a "temporary

---

irreconcilable conflict between defendant and counsel existed that would likely result in ineffective representation.

4

release" for defendant to attend his mother's funeral service, but he had not yet petitioned the court because there was no date set for the service. Counsel also explained that he was "prepared to go to trial," that he had communicated a plea offer to defendant, that he had counseled defendant on the issue of waiving time, that they had discussed jury selection, and that the trial had in fact been set.

The trial court acknowledged defendant's frustrations with the time it had taken the case to progress and the difficulty interacting with counsel due to heightened COVID-19 restrictions. It also said that due to COVID-19 the courts were processing cases more slowly, but that counsel had gone to "extraordinary lengths under very adverse circumstances that they ha[d] no control over" to prepare defendant's case. The trial court found that any issue related to defendant's mother dying was irrelevant to counsel's representation of defendant. Relating to defendant's allegation that counsel lied to him, the trial court found that due to COVID-19 "jail visits [had] been real[ly] problematic for the last couple of years," and therefore changes to "time and circumstance" did not necessarily constitute a lie. The trial court also said that counsel had filed a "very creative" motion in limine that addressed defendant's concern that the "charges [were] really old," which was "very well thought out and intellectually supportable."

After the trial court questioned defendant and counsel, defendant withdrew his second *Marsden* motion.

Defendant filed a third *Marsden* motion but withdrew the motion prior to a hearing. The third motion alleged counsel had not obtained photographs from when defendant was assaulted in jail, counsel had "no feeling for" defendant, the trial court "cajoled" defendant into withdrawing his second *Marsden* motion, counsel was in a conspiracy with the prosecutor, counsel had not sent out investigators, and counsel was "late" with a motion that was now moot. Defendant again raised the issue of counsel suggesting to defendant that he should waive time to get to trial sooner.

5

## III

### *Fourth* Marsden *Motion*

Defendant filed a fourth *Marsden* motion and the trial court again held a hearing. Defendant claimed that counsel had again misinformed him about waiving time, had missed two court dates without informing him, should have filed a motion to dismiss based on the statute of limitations, and should call particular witnesses at trial. Defendant said that counsel was not doing his job because he would not tell the trial court that a critical witness was lying. Defendant also asserted counsel generally was not "really putting up a fight" or "100 percent here, doing his job," was not ready for trial and that a conflict of interest existed because defense counsel was "not fully dedicated [to] help prov[e] [his] innosence [*sic*]," and counsel was unprofessional in requesting a potential witness's school records. Defendant also claimed at the hearing that counsel should have filed a motion to dismiss based on evidence the victim was lying.

Counsel said that he had repeatedly explained the issue of waiving time to defendant, and that he had tested positive for COVID-19 the month prior and sent a letter to all his in-custody clients explaining that he was sick, could not come to jail due to protocol, and was available for phone calls until he was out of quarantine. Counsel stated he had explained the procedure for filing and arguing motions to defendant and had previously submitted a long bail motion that included all his arguments. He also said he provided defendant with a copy of the bail motion and the prosecutor's opposition and explained to defendant the trial court's reasoning for denying the motion after the hearing. Counsel stated he had explained to defendant that pretrial proceedings, like a bail hearing, were not the proper place to argue the evidence before the trial court, that should be done at trial. Counsel said that he explained to defendant that the statute of limitations issue would best be raised at trial for tactical purposes and raised different concerns with defendant regarding potential witnesses and evidence for trial.

The trial court found "issues and disagreements over which witnesses to call, whether and what [defense counsel] intends to do at trial, [and] disagreements about pretrial motions" were insufficient grounds to grant a motion for substitution of counsel. The trial court further found there was no breakdown of the attorney-client "relationship such that [it] would make it impossible for [counsel] to effectively represent" defendant. Accordingly, the court denied the *Marsden* motion.

DISCUSSION

Defendant contends the trial court abused its discretion by denying his *Marsden* motions because counsel was ineffective and that a persistent irreconcilable conflict between him and counsel existed. The People contend that defendant's arguments are without merit. We agree with the People.

"A defendant is entitled to have appointed counsel discharged upon a showing that counsel is not providing adequate representation or that counsel and defendant have become embroiled in such an irreconcilable conflict that ineffective representation is likely to result." (*People v. Jones* (2003) 29 Cal.4th 1229, 1244-1245.) "We review a trial court's decision declining to relieve appointed counsel under the deferential abuse of discretion standard." (*Id*. at p. 1245.) Denial of a motion pursuant to *Marsden* " ' "is not an abuse of discretion unless the defendant has shown that a failure to replace the appointed attorney would 'substantially impair' the defendant's right to assistance of counsel." ' " (*People v. Valdez* (2004) 32 Cal.4th 73, 95; see *People v. Webster* (1991) 54 Cal.3d 411, 435.)

I

*Ineffective Assistance Of Counsel*

We conclude the trial court did not abuse its discretion in denying defendant's *Marsden* motions on the basis of ineffective assistance of counsel. Defendant essentially concedes this point.

7

A trial court satisfies its duty to consider a defendant's *Marsden* motion when it allows the defendant to explain his, her, or their grounds of dissatisfaction with counsel's representation; seeks a response from defense counsel; and considers all information provided in reaching a decision. (*People v. Webster*, *supra*, 54 Cal.3d at pp. 435-436.) In both the first and fourth motions, after considering the statements of defendant and counsel, the trial court found that issues raised in the first motion went to "the guts of [defendant's] case at trial," and in the fourth motion counsel was "properly representing" defendant. The record indicates the trial court considered all information presented to it at each hearing. Disagreements between a defendant and their counsel as to tactics, not deficient performance, are insufficient to compel discharge of counsel. (*People v. Hart* (1999) 20 Cal.4th 546, 604; citing *People v. Crandall* (1988) 46 Cal.3d 833, 859-860.) Counsel addressed all the complaints raised by defendant in both motions and "the [trial] court was 'entitled to accept counsel's explanation.' " (*People v. Smith* (1993) 6 Cal.4th 684, 696.) Accordingly, we conclude the trial court did not abuse its discretion in denying both of defendant's *Marden* motions.

## II

### *Irreconcilable Conflict*

Defendant contends that each *Marsden* motion "illuminate[d] the persistent conflict between [defendant] and his [counsel]." We disagree. Defendant and counsel may have disagreed regarding counsel's tactical decisions and defendant may not have trusted counsel, but nothing in the record demonstrates that ineffective representation was likely to occur as a result of those disagreements. (*People v. Smith*, *supra*, 6 Cal.4th at p. 696.)

" ' "Tactical disagreements between the defendant and his[, her, or their] attorney do not by themselves constitute an 'irreconcilable conflict.' " ' [Citation.] Nor does a defendant's 'claimed lack of trust in, or inability to get along with, an appointed attorney' compel, without more, the discharge of appointed counsel. [Citation.] 'If a defendant's

8

claimed lack of trust in, or inability to get along with, an appointed attorney w[as] sufficient to compel appointment of substitute counsel, defendants effectively would have a veto power over any appointment, and by a process of elimination could obtain appointment of their preferred attorneys, which is certainly not the law.' " (*People v. Panighetti* (2023) 95 Cal.App.5th 978, 993.)

Defendant's *Marsden* motions asserted both specific and general allegations of an irreconcilable conflict with counsel. In three separate *Marsden* motions, he sought to relieve counsel for not filing a motion to dismiss based on a witness statement that indicated defendant did not touch the victim. Counsel said to the trial court that he spoke with defendant several times regarding this issue and said he would use the evidence at trial to demonstrate the witness made an inconsistent statement.

Defendant also claimed, in three *Marsden* motions and at the respective hearings, counsel should file a motion to dismiss before trial based on the statute of limitations. Counsel stated he researched the motion to dismiss, consulted with his client on the issue, and concluded that addressing it at trial would be more advantageous to defendant because he did not believe the prosecution was aware of the issue.

Defendant also alleged in three *Marsden* motions that counsel was misinforming him regarding waiving time in order to get a trial date. The record indicates counsel said he had addressed this issue with defendant several times verbally and in writing. The trial court was entitled to accept counsel's representations. (*People v. Smith*, *supra*, 6 Cal.4th at p. 696.) Defendant has not met his burden to show that these tactical conflicts actually substantially impaired his right to counsel. Over the course of the *Marsden* motions defendant did not demonstrate how these disagreements resulted in being deprived of his right to counsel. We conclude these issues raised by defendant are all tactical decisions and alone do not constitute an irreconcilable conflict. (*People v. Panighetti*, *supra*, 95 Cal.App.5th at p. 993; *People v. Hart*, *supra*, 20 Cal.4th at p. 604; *People v. Smith* (2003) 30 Cal.4th 581, 606.)

9

Defendant's *Marsden* motions also made general allegations that he contends constitute an irreconcilable conflict. We do not agree. Over the course of filing four *Marsden* motions, defendant claimed that an irreconcilable conflict persisted because counsel wanted defendant to take a "bad deal"; was not "really putting up a fight"; was not "100 percent here, doing his job"; and was unprofessional. The record shows that defendant's assertions are speculative at best. Counsel prepared a motion in limine to dismiss based on the statute of limitations, counseled defendant on his strategy to waive time in order to move the case to trial, and advised defendant on how he would use a witness's prior inconsistent statement for impeachment purposes at trial. Even if he had presented more in his motions, the right to counsel does not give defendant unconstrained decision making authority over the defense of his case. (*People v. Rodriguez* (2014) 58 Cal.4th 587, 624.) Defendant's perceived conflict with counsel appears to be a result of counsel providing "unwelcome legal advice" that defendant interpreted to mean counsel was not properly representing him. (*People v. Clark* (2011) 52 Cal.4th 856, 914.) Defendant cannot manufacture a conflict with conclusory allegations in order to compel the substitution of counsel. (*People v. Smith*, *supra*, 6 Cal.4th at p. 696.) Accordingly, the trial court did not abuse its discretion in denying defendant's *Marsden* motions.

DISPOSITION

The judgment is affirmed.

/s/
ROBIE, Acting P. J.

We concur:

/s/
DUARTE, J.

/s/
BOULWARE EURIE, J.

11