Filed 6/25/24  P. v. Lane CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D083331 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN423383) |
| TALAL HANSEAN LANE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Daniel F. Link and James E. Simmons Jr., Judges.  Affirmed.

Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Daniel Rogers and Vincent P. LaPietra, Deputy Attorneys General, for Plaintiff and Respondent.

MEMORANDUM OPINION

A jury found Talal Hansean Lane guilty of driving under the influence of drugs causing injury.  During a pre-trial hearing, the trial court denied

Lane's motion under *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*) to substitute appointed counsel. We resolve this matter by memorandum opinion and affirm. (Cal. Stds. Jud. Admin., § 8.1; *People v. Garcia* (2002) 97 Cal.App.4th 847, 851-854.)

We review the denial of a *Marsden* motion for abuse of discretion. (See *People v. Smith* (1993) 6 Cal.4th 684, 696 (*Smith*).) "[T]he decision whether to permit a defendant to discharge his appointed counsel and substitute another attorney during the trial is within the discretion of the trial court, and a defendant has no absolute right to more than one appointed attorney." (*Marsden*, 2 Cal.3d at p. 123.) Relief is available when appointed counsel fails to provide "adequate representation" or defendant and counsel have "such an irreconcilable conflict that ineffective representation is likely to result." (*People v. Crandell* (1988) 46 Cal.3d 833, 854.)

We discern four arguments by Lane.

First, at the *Marsden* hearing Lane contended counsel did not communicate with him until two weeks before trial. Lane and counsel agreed they had steady communication during the two weeks preceding trial, but disagreed about the level of communication in the months prior. Lane claimed counsel would not return his calls. However, counsel informed the court that he made himself "very accessible" to Lane by regularly answering his calls or calling him back the same day, and "responding to his emails." The court explained to Lane that he could expect adequate legal representation whether or not he received individualized attention from his appointed counsel.

Although Lane interprets the court's comment to mean that he could not expect "real representation" because his attorney was appointed rather than retained, we disagree. Rather, the court accurately indicated that an

2

attorney's conduct does not fall below the standard of care by not immediately addressing each of the defendant's concerns or walking the defendant through each step of the process. (See *People v. Ferenz* (2024) 99 Cal.App.5th 1032, 1040-1041 (*Ferenz*).) Indeed, a defendant's complaint of not being "able to speak with counsel as often as [defendant] would have liked" does not sufficiently establish incompetence. (*People v. Valdez* (2004) 32 Cal.4th 73, 96.) Under the circumstances here, the court did not abuse its discretion in concluding that Lane's perceived lack of communication did not indicate irreconcilable conflict.

Second, Lane contended his disagreement with counsel's trial tactics warranted substitution of counsel. Specifically, he was dissatisfied with counsel's unwillingness to assist in (1) expunging a prior conviction to eliminate a strike offense and (2) amending a police report.

"[A] disagreement between a defendant and appointed counsel concerning trial tactics [does not] necessarily compel the appointment of another attorney." (*People v. Williams* (1970) 2 Cal.3d 894, 905.) "When a defendant chooses to be represented by professional counsel, that counsel is 'captain of the ship' and can make all but a few fundamental decisions for the defendant." (*People v. Carpenter* (1997) 15 Cal.4th 312, 376.)

Here, counsel had explained to Lane that his request to seek expungement was not "'a viable request [then]' because he ha[d] open cases," and generally expungement would not eliminate strike offenses. (See *People v. Daniels* (1996) 51 Cal.App.4th 520, 525-526; Pen. Code, § 1203.4.) Counsel also explained he had never heard of a police report being successfully amended to reflect trial testimony. He instead focused on defending Lane in the upcoming jury trial. We need not discuss whether any of Lane's collateral requests would have been successful because counsel's explanation for his

tactical decision to focus on trial preparation sufficiently demonstrated that Lane received adequate representation. (See *People v. Orey* (2021) 63 Cal.App.5th 529, 568-569.) We agree with the People that while counsel did not do everything Lane wanted from a tactical standpoint, their disagreements did not create an irreconcilable conflict.

Third, Lane contended counsel's use of "heated words" the "first time" they spoke on the phone signaled a complete breakdown in the relationship. Lane described a phone call in which counsel "yelled at me and he told me, '[d]idn't I tell you I'll call you when it's time for me to talk to you?'" However, "heated words . . . alone do[ ] not require a substitution of counsel absent an irreconcilable conflict." (*Smith*, 6 Cal.4th at p. 696.) After this initial phone call, Lane and counsel continued communicating over the phone and email; counsel further asserted he did not have a problem with Lane and was competently ready for trial.

Finally, while Lane contends all three of his specific complaints collectively signal a complete breakdown in relationship, we disagree. The trial court did not abuse its discretion in denying Lane's *Marsden* motion because his meritless complaints collectively do not amount to an irreconcilable conflict. (See *Ferenz*, 99 Cal.App.5th at p. 1041.)

DISPOSITION

The judgment is affirmed.

CASTILLO, J.

WE CONCUR:


DO, Acting P. J.


RUBIN, J.

4